LORD, APPELLANT, *v.*
DAUGHERTY, ADMR., ET AL., APPELLEES.

(No. 80-687—Decided June 17, 1981.)

*Mr. James C. Ayers, Messrs. Parker, Fenton, Gallagher & Milliken* and *Mr. Ralph W. Gallagher,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Roger R. Weiher,* for appellee Administrator.

*Messrs. Newcomer, Shaffer, Geesey & Hutton, Mr. James A. Hutton* and *Mr. Timothy P. Heather,* for appellee employer.

REILLY, J.   Appellant asserts three propositions of law:

1. "Where an employee suffers an accidental death as a direct result of operating a piece of equipment owned by his employer, which he was hired to operate, whether he is within the scope of his employment is a question of fact and it is error

for the trial court to direct a verdict in favor of the defendants as a matter of law."

2. "It will be presumed that an employee who is shown to have been engaged in his employment a short time before his death continued in such employment up to the time of his death in the absence of evidence to the contrary."

3. "Where a death occurs, as a result of an accidental injury, such death is compensable, under the Workers' Compensation Law of Ohio, where the employment has some causal connection with the injury, either through its activities, its conditions or its environments, and where these conditions, attached to the place of employment, are factors in causing injury to a workman engaged therein, such injury arises out of the employment and is compensable.***[Citation omitted.]"

The foregoing propositions of law are interrelated and considered together as they involve the sole issue of whether there is sufficient evidence upon which a jury could reasonably find that the appellant met her burden of proving the decedent to be within the scope of his employment at the time of his accident, to withstand a motion for a directed verdict.

The first paragraph of the syllabus of *Eggers* v. *Indus. Comm.* (1952), 157 Ohio St. 70, reads as follows:

"In an action by the widow of an employee to recover workmen's compensation benefits for the death of her husband alleged to have resulted from an injury received while engaged in his employment, the burden is upon the plaintiff to establish that the injury occurred in the course of and arose out of his employment and that the injury was a proximate cause of death."

Further, this court held in *Stevens* v. *Indus. Comm.* (1945), 145 Ohio St. 198, paragraph three of the syllabus, as follows:

"It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."

In addition, *Bralley* v. *Daugherty* (1980), 61 Ohio St. 2d 302, states, at page 303, that:

"An injury sustained by an employee is compensable under the Workers' Compensation Act only if it was 'received

in the course of, and arising out of, the injured employee's employment.' R. C. 4123.01(C); R. C. 4123.54; *Fassig* v. *State, ex rel. Turner* (1917), 95 Ohio St. 232.

"The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions, or the environment of the employment. *Indus. Comm.* v. *Weigandt* (1921), 102 Ohio St. 1; *Indus. Comm.* v. *Gintert* (1934), 128 Ohio St. 129; *Fox* v. *Schiele* (1955), 162 Ohio St. 569."

The issue as to whether there is a sufficient "causal connection" to justify the injured party's right to participate in the Workers' Compensation Fund depends upon the "totality of the facts and circumstances" regarding the accident. Such circumstances include: (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. See *Bralley* v. *Daugherty, supra,* at page 305. In this case, there is no construction of the evidence upon which a jury could reasonably conclude that the decedent was within the scope of his employment at the time of his accident. Therefore, the jury would be required to speculate on this basic issue of the case.

For instance, the proximity of the scene of decedent's accident to his area of employment is remote. Decedent was discovered three miles from his nearest regular contract customer, well beyond the designated area where he performed his regular duties.

Moreover, appellee employer exercised no control over the scene of the accident. The location was completely out of decedent's designated area, and the appellee had no knowledge or explanation for decedent's presence there. Apparently, appellee instructed decedent that he was not to deviate from his regular contract customer route until such work was completed. The decedent had not finished the regular customer list, but he was found three miles from the nearest regular contract customer's location.

Finally, there is nothing in the record indicating that appellee received any benefit from decedent's activity at the scene of the accident. There is no evidence that appellee had any business or other responsibilities at or near the scene of the accident. Further, there is no evidence that decedent was plowing for "call-in" customers other than the regular customer list. At any rate, there is no evidence why decedent was at the scene of the accident, what he was doing, or that his employer authorized him to be there. The evidence only presents a basis for speculation or conjecture. Whereupon, appellant's propositions of law are not well taken.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., COOK, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

REILLY, J., of the Tenth Appellate District, sitting for C. BROWN, J.