DURBIN, Appellant,

v.

OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellees.

[Cite as *Durbin v. Ohio Bur. of Workers' Comp.* (1996), 112 Ohio App.3d 62.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950092.

Decided June 26, 1996.

64

*O'Connor, Acciani & Levy* and *Eric P. Allen,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Julia A. Collier,* Assistant Attorney General, for appellees Bureau of Workers' Compensation and the Industrial Commission of Ohio.

*Paul Klusmeier,* for appellee American Sentry Protection Service.

GORMAN, Judge.

Plaintiff-appellant Darrell Durbin appeals from the entry of summary judgment by the Hamilton County Court of Common Pleas, which dismissed his complaint for workers' compensation benefits for injuries sustained in an automobile accident on December 18, 1992. In a single assignment of error, Durbin contends that the trial court erred in dismissing his claim, because he was acting in the course of his employment when responding to an electronic page from his employer, defendant-appellee American Sentry Protection Service. He asserts that he sustained injuries that arose from his employment when his vehicle was struck from behind while exiting the highway to answer a page.

The unrebutted evidence adduced from the pleadings and Durbin's deposition and subsequent affidavit reflects that Durbin was employed by American Sentry as a security guard. In September 1992, Durbin was promoted to sergeant and was assigned to the "R & R reserve team." As an R & R team sergeant, Durbin

did not have a fixed, permanent assignment or job location. He was on call for periods each day, seven days per week, to fill various shifts and assignments which became open due to sickness or emergencies at various work sites, including retail businesses and commercial properties. Durbin received notice of assignments from an electronic pager supplied by his employer. Because of the inconvenience imposed by his participation in the R & R team, Durbin was paid at a higher hourly rate than security guards assigned regular shifts.

Durbin did not have a company vehicle. He was responsible for his own transportation to and from the different job sites. He was not compensated for the time he spent travelling to and from a job site, except when travelling directly from one work site to another. He was not reimbursed for his travel expenses, although if he had been able to answer the December 18, 1992 page at a public pay telephone, he would have been reimbursed for the cost of the call.

On December 18, 1992, Durbin was notified by telephone earlier in the day that he would work a shift at an as yet undetermined location that evening. By telephone, Durbin requested and received permission to take his friend's daughter to a location in Indiana that was still within paging range. On the return trip, at approximately 5:00 p.m., while travelling east on I–74, Durbin received a page from his employer. He passed several exits on the highway. He testified that, to answer the page, he exited at Colerain Avenue because he knew the location of a pay telephone at that exit. While stopped in traffic, his vehicle was struck in the rear by another automobile.

Thereafter, Durbin sought payment of compensation and medical benefits from the Bureau of Workers' Compensation. A district hearing officer approved Durbin's claims for cervical strain, lumbar strain, and left ankle strain. Subsequent review in the Industrial Commission resulted in a denial of the claims. Durbin filed a notice of appeal and brought suit in the court of common pleas.

Appellees moved for summary judgment on the complaint. Relying upon the transcript of Durbin's deposition as the evidentiary basis of their motions, they claimed that no genuine issue of material fact remained to be determined and that they were entitled to judgment as a matter of law, as Durbin did not receive his injuries in the course of, and arising out of, his employment. Durbin, too, moved for summary judgment, attaching his affidavit in support.

The trial court never formally ruled on Durbin's motion for summary judgment. It did, however, dismiss the case after granting appellees' motions for summary judgment in a brief entry which did not identify the grounds upon which the judgment was based. We conclude that the court overruled Durbin's motion for summary judgment *sub silentio*. The parties' election to address the issues by cross-motions for summary judgment demonstrates that neither side believes that genuine issues of material fact are in dispute and that the trial court

and this court are free to review the evidentiary material and render a decision as a matter of law.

Civ.R. 56 provides:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

In a single assignment of error, Durbin contests the trial court's entry of summary judgment and dismissal.

First, we note that on May 27, 1993, Durbin filed a claim for an injury to his left hip resulting from the same accident. This claim was never ruled upon by a district hearing officer. Durbin has not exhausted the available avenues of administrative relief and may not litigate in the trial court that which he could have challenged before the Industrial Commission. See *Noernberg v. Brook Park* (1980), 63 Ohio St.2d 26, 29, 17 O.O.3d 16, 18, 406 N.E.2d 1095, 1097. Therefore, the May 27 claim for injury to Durbin's left hip was not included as part of the trial court's judgment, and we exclude that specific claim from our analysis in this case.

The sole issue for our resolution, concerning the claims that are properly before us, is whether Durbin's injuries, received while answering an electronic page from his employer during an on-call period, were sustained in the course of and arose out of his employment.

R.C. 4123.01(C) provides that in order for an injury to be compensable, it must be "received in the course of, and arising out of, the injured employee's employment." At the heart of the issue of whether an employee is entitled to participate in the fund is the causal connection between the injury and the activities, conditions and environment of the employment.

It is axiomatic that the liberal construction to be accorded to the workers' compensation statute by virtue of R.C. 4123.95 applies to the interpretation of R.C. 4123.01(C). *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 278, 551 N.E.2d 1271, 1274. In order for an injury to be compensable, both prongs of the

test set out by R.C. 4123.01(C) must be satisfied. "The 'in the course of' prong is construed to relate to the time, place and circumstances of the injury, while the 'arising out of' prong is interpreted as referring to a causal connection between the employment and the injury." *Id.* at 277, 551 N.E.2d at 1274.

The *Fisher* court further noted:

"[W]hen applying the analysis set forth above, a reviewing court must examine the separate and distinct facts of each case. Historically, similar fact patterns have promulgated their own set of rules. * * * This is because workers' compensation cases are, to a large extent, very fact specific. As such, no one test or analysis can be said to apply to each and every factual possibility. Nor can only one factor be considered controlling. Rather, a flexible and analytically sound approach to cases is preferable. Otherwise, the application of hard and fast rules can lead to unsound and unfair results." *Id.* at 280, 551 N.E.2d at 1276.

Appellees argue that injuries sustained while an employee is going to or coming from work are not compensable. While that legal proposition is unassailable, here Durbin was not simply going to or coming from work. His "on-call" status meant he was in effect at work when responding to an employer page during those periods.

■ When an employee sustains injury while travelling to or from a fixed place of employment, that injury is not compensable under the Workers' Compensation Act. *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448. In that situation, application of the "going and coming" rule provides that an employee is not considered to be within the scope of his or her employment at the time of injury. *Id.; Indus. Comm. v. Heil* (1931), 123 Ohio St. 604, 176 N.E. 458. However, as is the case with most general rules, there are exceptions to the "going and coming" rule.

Over sixty years ago, this court recognized that where an employee who has no regular hours of employment but is on call and subject to recall by his employer at all hours is struck by an automobile and injured while responding to a call from his employer to go to his place of employment, there is a sufficient causal connection between the injury and the employment to permit participation in the workers' compensation system. *Indus. Comm. v. Murphy* (1935), 50 Ohio App. 148, 1 O.O. 546, 197 N.E. 505.

■ Another exception applies to employees who do not have a fixed place of employment and who are required, as an integral part of their job, to travel to various job sites. In *Fletcher v. Northwest Mechanical Contrs., Inc.* (1991), 75 Ohio App.3d 466, 474, 599 N.E.2d 822, 827, the court reversed the entry of summary judgment which denied a claimant participation in the fund. It found:

"It is clear from the Ohio Supreme Court's analysis * * * that whether the employment situs is fixed or non-fixed and, therefore, whether the 'going and coming' rule should be applied to defeat compensation, depends upon whether the traveling itself was part of the employment, either by virtue of the nature of the occupation or by virtue of the contract of employment." *Id.* at 473, 599 N.E.2d at 827.

Here, the unrebutted evidence before the trial court demonstrates that Durbin's employment involved his working at various job sites, that his assignment to the job sites was temporary, that he was dispatched to work at job sites at times and places designated by his employer, and that he was not required to report to a fixed work site each day prior to traveling to his job sites.

Durbin's employer retained him on the R & R team so that he could respond to the rapidly changing requirements for security guards at a variety of work sites. This quick response necessitated that Durbin swiftly answer all electronic pages on a pager provided by his employer. Durbin, a supervisor of the R & R team, stated that team members could be removed for failure to respond to a page.

The evidence is undisputed that, as in *Indus. Comm. v. Murphy, supra,* Durbin's timely response to the pages of his employer was essential to the performance of his employment duties. Leaving the highway to answer the page from his employer was, in this case, a substantial part of the service for which Durbin was employed. See *Fletcher,* 75 Ohio App.3d at 474, 599 N.E.2d at 827; *Midwestern Indemn. Co. v. Video Features, Inc.* (Nov. 2, 1994), Hamilton App. No. C–930401, unreported, 1994 WL 603152. The fact that Durbin was not compensated for his travel time or expenses, although relevant, is not dispositive of whether travel was an integral part of his job.

We conclude that Durbin was an employee whose travel to work was a substantial part of his employment, and that his injuries were sustained in the course of his employment.

■ In analyzing the "arising out of" prong of the test, a court must determine "whether appellant's injuries arose out of her employment * * * from the totality of the circumstances, using the factors set forth in *Lord, supra." Fisher v. Mayfield,* 49 Ohio St.3d at 278–279, 551 N.E.2d at 1275. In *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus, the court held:

"Whether there is a sufficient 'causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the

accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident."

The *Fisher* court further stated that "[t]his list of factors is not intended to be exhaustive, but rather is illustrative of the factors that need to be considered. In this manner, the totality-of-the circumstances approach to workers' compensation cases may continue to evolve." 49 Ohio St.3d at 279, 551 N.E.2d at 1275, fn. 2.

Appellees contend that the failure to satisfy each of the factors noted in *Lord* should defeat compensation. In *Lord,* there was a lack of direct evidence from which a jury could infer that the claimant was in the scope of his employment at the time of the injury, as he was found a considerable distance off course from the route to the customers he was serving. Here, there is unrebutted evidence from Durbin that were it not for answering the electronic page from his employer, he would not have exited from the highway at that location. See *Fletcher,* 75 Ohio App.3d at 475, 599 N.E.2d at 828. When considering the totality of the facts and circumstances of this case, we find that there is a sufficient causal connection between Durbin's injuries and his employment to warrant the conclusion that his injuries arose out of his employment.

In light of the totality of the circumstances, and by applying a liberal construction to the words "in the course of, and arising out of," we hold that Durbin's injuries occurred in the course of and arose out of his employment. Durbin's sole assignment of error is found well taken.

Therefore, we reverse the entry of summary judgment and order that appellant be permitted to participate in the fund, except as to claims for injury to his left hip, which are still outstanding because they have not yet been ruled upon by a district hearing officer. We remand this cause for entry of judgment in favor of appellant on the claims that are properly before us, and for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

HILDEBRANDT, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.