Cook, J.
The issue in this case is whether Stivison’s broken nose and arm qualify as injuries “received in the course of, and arising out of,” his employment.
For the purposes of workers’ compensation, R.C. 4123.01(C) defines an “injury” as “any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee’s employment.”
*499 In Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271, we reaffirmed our interpretation of “in the course of’ as involving the time, place, and circumstances of the injury and “arising out of’ as involving causal connection between the injury and the injured person’s employment. Id. at 277-278, 551 N.E.2d at 1274. We also “expressly recognize[d] the conjunctive nature of the coverage formula of ‘in the course of and arising out of the employment. * * * [A]ll elements of the formula must be met before compensation will be allowed.” Id. at 277, 551 N.E.2d at 1274. Stivison argues that his injury is compensable solely because of a causal connection with his employment. This argument ignores half of the coverage formula recognized in Fisher by failing to acknowledge the necessity for temporal, spatial, and circumstantial connection.
The assault which injured Stivison occurred neither during his working hours, nor at his place of employment, nor while he was fulfilling his working duties. Stivison’s injuries were, therefore, not sustained “in the course of’ his employment, as that phrase is interpreted by Ohio law. Accordingly, summary judgment in favor of Goodyear was properly granted on this element alone, because, construing the evidence most strongly in favor of Stivison, reasonable minds could only conclude that the claimant here could not show that he met all the elements of the Fisher coverage formula.
Not only does Stivison’s claim fall outside the limits of “course of employment,” but also his claim is disqualified by the requirement of causal connection in the phrase “arising out of employment.” Many uncompensable injuries can be said to bear some causal relation to employment, but legal analysis must focus upon the nature and degree of causal connection. Prosser & Keeton, Law of Torts (5 Ed.1984) 266, Section 41. The totality of the circumstances test set forth in Lord v. Daugherty (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, supplies the necessary standard for determining sufficiency of causal relation:
“Whether there is a sufficient ‘causal connection’ between an employee’s injury and his employment to justify the right to participate in the Workers’ Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee’s presence at the scene of the accident.” Id. at syllabus.
The restaurant where Stivison was injured is about a mile from the Goodyear plant. Goodyear has no control over the restaurant and received no benefit from Stivison’s presence there.[1] Therefore, the causal relation that existed between *500 Stivison’s employment and his injury does not satisfy any of the enumerated elements of the Lord totality of the circumstances test. Because there are no additional facts or circumstances compelling a finding of causation, Stivison has failed to establish the requisite causal connection.
Noting cases where this court has allowed compensation for off-site injuries, Stivison argues that the court of appeals overemphasized the fact that he was not on Goodyear’s premises when his injury occurred. Although all compensable injuries must both be received in the course of and arise out of employment, it is true that there are cases where compensation is allowed despite failure to comply with all the factors of the Fisher coverage formula. In Fisher, we noted that no single factor is controlling, that through the recurrence of similar fact patterns, rules have developed that define categories of exceptions. Id., 49 Ohio St.3d at 280, 551 N.E.2d at 1276. Some of these exceptions allow recovery for off-site injuries (for example, the exception for employer-sponsored recreational activity cases and the “zone of employment” and “special hazard” exceptions to the “coming and going” cases), but Stivison does not attempt to argue that his injury falls within an established exception. Therefore, cases allowing recovery for off-site injuries based on established exceptions are inapposite here.
Stivison also argues that Ryan v. Connor (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379, which involves a heart attack suffered away from business premises, is an example of compensation for an off-site injury. This argument fails since the heart attack was compensable only because the stress which resulted in the attack was suffered at work, just as an injury resulting from workplace exposure to dangerous substances is compensable regardless of where the employee is when symptoms appear. See, e.g., State ex rel. Burnett v. Indus. Comm. (1983), 6 Ohio St.3d 266, 6 OBR 332, 452 N.E.2d 1341. Stivison’s injury is not analogous to the heart attack in Ryan because there was no workplace effect on Stivison comparable to the stress supporting the compensability of the heart attack.
Because, as a matter of law, Stivison’s injuries fall short of meeting the criteria for both “in the course of’ and “arising out of’ employment and fit no exception, we hereby affirm the appellate court’s judgment affirming summary judgment.

Judgment affirmed.

*501 Moyer, C.J., Pfeifer and Lundberg Stratton, JJ., concur.
Douglas, J., dissents.
Resnick and F.E. Sweeney, JJ., dissent.

. Stivison argues that the third element of the totality of the circumstances test is primarily satisfied by the benefit to the employer from Stivison’s answering truthfully when questioned about *500 McCormick’s absence from work. This argument arises from a misunderstanding of the benefit required; the test is whether there is a benefit to the employer from the employee’s presence at the scene of the accident. Stivison also claims an “additional” benefit to Goodyear was that he intended to take food from the restaurant back to employees on the night shift, as well as cashing his paycheck and eating a meal. Goodyear did not ask Stivison to purchase and deliver food, and there is no reason to suppose Stivison’s delivery of food was a benefit to Goodyear.