OPINION
Plaintiff-Appellant Susan L. Liddic appeals the trial court's grant of summary judgment to Defendants-Appellees the Bureau of Workers Compensation (hereinafter "BWC") and Laboratory Corporation (hereinafter "LabCorp"). For the reasons that follow, we affirm the judgment of the trial court.
On December 22, 1995, Liddic was employed by LabCorp as a cytotechnologist. Shortly after arriving at work that morning, she and a co-worker, Pam Bradbury, decided to walk next door to the Shell service station to buy snacks to take back to their desks and enjoy while they worked. The two cut across both properties to get to the station rather than walking down to the sidewalk, which resulted in their having to step over a wall standing approximately one and one-half feet tall. Although conditions were wintry, their trip to the station was uneventful.
After making their purchases, Liddic and Bradbury headed back to work. Because of the weather and their perception that another route would be safer, rather than heading back the way they came, they struck out across the blacktop area of the service station toward the sidewalk. Before reaching the sidewalk, however, Liddic and Bradbury came to a patch of blacktop that was clear of snow. As both stepped onto the patch, they fell to the ground, apparently the result of black ice. Liddic sustained a head injury which caused a myriad of symptoms, and has been unable to return to work since her fall.
Her application for Workers Compensation benefits was denied and she exhausted her administrative remedies, but without success. On April 13, 1998, she filed an appeal in the Common Pleas Court of Montgomery County. Both defendants thereafter filed motions for summary judgment claiming Liddic's injury was not sustained "in the course of" and "arising out of" her employment with LabCorp. On November 12, 1998, the trial court rendered its decision, order and entry sustaining LabCorp's and the BWC's motions for summary judgment. Although the court found that the facts could lead a reasonable juror to find that Liddic's injury occurred "in the course of" her employment, they did not permit a similar conclusion respecting the requirement that they "arise out of" her employment. As a result, a finding in Liddic's favor was, as a matter of law, precluded.
Liddic timely appealed and asserts one assignment of error as follows:
 The Trial Court erred in finding, as a matter of law, that Plaintiff/Appellant, Susan Liddic, did not sustain an injury in the course of and arising out of her employment.
Before considering the merits of Liddic's assigned error, we note that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Whether summary judgment is appropriate hinges upon the movant's demonstration (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). In addition, the burdens placed upon both the movant and nonmovant in a motion for summary judgment are as follows:
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. It is with these principles in mind that we approach the merits of Liddic's assignment of error.
As the parties acknowledge, the only issue presented for our review is whether Liddic's injuries were sustained "in the course of" and "arising out of" her employment as is required for a injured employee to participate in the Workers' Compensation fund. R.C. § 4123.01(C). Here, the trial court recognized that reasonable jurors, when viewing the facts in a light most favorable to Liddic, could conclude that Liddic's injuries occurred "in the course of" her employment. Although a considerable portion of Liddic's brief is devoted to arguing that precise point, we need not address it since her arguments urge affirmance of the trial court's finding and neither LabCorp nor the BWC have filed cross appeals challenging the court's finding. Thus, we move on to determine whether Liddic's injuries "arose out of" her employment.
The Supreme Court of Ohio has recognized that "the `arising out of' element * * * contemplates a causal connection between the injury and the employment." Fisher v. Mayfield (1990), 49 Ohio St.3d 275,277-78. The test to determine whether there exists a sufficient causal connection between injury and employment to justify an employee's participation in the Workers' Compensation fund requires consideration of the totality of facts and circumstances surrounding the accident, including: (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. Lord v.Daugherty (1981), 66 Ohio St.2d 441, syllabus. The court has recently reaffirmed the use of the Lord factors in analyzing whether an employee's injury "arose out of" his or her employment.Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 122.
After considering the Lord factors, the trial court in the present case determined that although Liddic was injured away from her employer's premises, her participation in the Workers' Compensation fund is not automatically precluded. Liddic cites several cases where an injury occurring at a location other than the employee's place of employment was nevertheless found to have "arisen out of" the injured's employment. We find those cases inapposite or distinguishable from the one sub judice, however.
In Ryan v. Connor (1986), 28 Ohio St.3d 406, for instance, the only issue presented for review was "whether physical injuries occasioned solely by emotional stress are compensable under the Ohio Workers' Compensation Act." Id. at 407. The fact that the injury, a fatal heart attack, took place off the employer's premises was never discussed in the court's opinion. Therefore,Ryan does not support the proposition for which it is cited by Liddic. In Inland Mfg. Div., Gen. Motors Corp. v. Lawson
(C.P. 1967), 14 Ohio Misc. 129, affirmed (1967) 15 Ohio App.2d 192, the employee was injured as she returned to her work area from a cafeteria provided by the employer. Unlike the present case, however, the accident in Inland occurred on the employer's premises. For that reason it, too, provides no support for Liddic's argument that her off-site injury is compensable.
Liddic also cites Littlefield v. Pillsbury Co. (1983), 6 Ohio St.3d 389, and Industrial Comm. v. Henry (1932), 124 Ohio St. 616, as support for her argument that her off-site injury should be compensable. Both cases, however, were premised on the "special hazard" exception to the general rule that a fixed-situs employee injured while coming to and going from his or her place of employment is not entitled to participate in the Workers' Compensation fund. See MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, 68. Furthermore, the Supreme Court of Ohio later recognized that "our decision in Littlefield was an incorrect application of the law to the facts of that case. In Littlefield
* * * the facts do not support a finding that the employer created a special hazard of employment." MTD Products, supra at 69. Also, the supreme court expressly limited the Littlefield
syllabus, which set forth the test to be employed when determining whether a "special hazard" had been created, to situations involving traffic injuries suffered by a fixed-situs employee while coming to or going from work. Ruckman, supra at 124. Thus, even if Liddic's injury were a result of a "special hazard" of her employment, which she does not suggest, her reliance onLittlefield would be misplaced. As it is, neither Littlefield
nor Henry are applicable to the present case.
Liddic also argues that the trial court inappropriately considered the fact that her injury took place away from LabCorp's premises. We cannot imagine how this could be so, since the very first Lord factor compels the court to consider just that fact. Rather than determining whether LabCorp might be liable to Liddic for negligence, as Liddic suggests, the court was simply carrying out its mandatory duty as directed by the Supreme Court of Ohio.
We agree with the trial court that the fact that Liddic was injured away from her place of employment is not dispositive. It is simply one of several facts that must be factored into our consideration of the totality of the circumstances surrounding her accident. Beyond acknowledging the fact itself, we draw no conclusion at this point in our analysis as to whether Liddic is entitled to Workers' Compensation benefits.
Turning to the second Lord factor, we note that the trial court easily and correctly concluded that LabCorp had "absolutely no control over the scene of the accident." Liddic does not argue otherwise, and only alleges that the trial court's consideration of this factor, like the first, was an inappropriate attempt to assess LabCorp's negligence. For the same reasons stated above, we reject this argument out of hand.
As to the third Lord factor, the trial court found that any benefit LabCorp derived from Liddic's consumption of food purchased from the service station was not specific enough to warrant her participation in the Workers' Compensation fund. Liddic argues that LabCorp directly benefited from her trip to the service station to buy snacks because consuming food while working enabled her to remain fresh and rested, and to perform her duties without fatigue.
Any benefit derived by LabCorp following Liddic's trip to the service station, however, is irrelevant. Her argument, like that of the plaintiff in Stivison v. Goodyear Tire Rubber Co. (1997),80 Ohio St.3d 498, "arises from a misunderstanding of the benefit required; the test is whether there is a benefit to the employerfrom the employee's presence at the scene of the accident." Id.
at 499-500, fn. 1. In Ruckman, supra at 122, the supreme court stated that even though the employees' travel "was necessitated by the employer's business obligations, the accident did not occur at a location where [the employees] * * * could carry on their employer's business. Their participation in the Workers' Compensation fund was thereby precluded, in part because the thirdLord factor could not be satisfied.
By her own admission, Liddic planned to consume the purchased snacks at her desk while working. Thus, any benefit from such consumption would necessarily accrue after Liddic returned to her work area. No evidence submitted demonstrates that LabCorp gained any benefit from Liddic's presence in the Shell service station's parking lot, and she does not suggest the parking lot was a place where she could have carried on her employer's business. Consequently, the third Lord factor provides no support for Liddic's claim of entitlement to Workers' Compensation benefits.
Additionally, lest we be seen as somehow endorsing Liddic's argument that an employer directly benefits from its employee's ingestion of food, we state without reservation our agreement with the trial court that
 If this Court were to support the Plaintiff's assertion, then it would open the door to some outrageous claims. For example, proper rest is essential to an employee's performance, just like proper nutrition. Under the Plaintiff's theory, an employee could take a break, walk to a hotel, take a nap, somehow get injured and still participate in the Workers' Compensation Fund. The line between an employee's actions and resultant employer benefits does not stretch this far.
To summarize, after careful consideration of the record before us and the parties' arguments, and construing the facts most favorably to Liddic, we conclude that as a matter of law her injury did not "arise out of" her employment with LabCorp. The injury occurred off LabCorp's premises in an adjacent parking lot over which it had no control whatsoever. In addition, LabCorp derived no benefit from Liddic's presence in the service station parking lot and no other circumstances or facts surrounding the accident militate in favor of Liddic's claim of entitlement to participate in the Workers' Compensation fund.
Accordingly, Liddic's sole assignment of error is overruled and the trial court's judgment is affirmed.
GRADY, P.J. and WOLFF, J., concur.