Orient Correctional Institution ("OCI") appeals the grant of summary judgment to Christopher Maienza by the Pickaway County Court of Common Pleas. OCI argues that, as a matter of law, Maienza is not entitled to participate in the Ohio Workers' Compensation Fund ("the Fund") because his injury was not caused by his employment at OCT. We disagree based upon the authority of Donnelly v. Herron (2000), 88 Ohio St.3d 425,429 and Marlow v. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18, syllabus. Accordingly, we affirm the judgment of the trial court.
 I.
Maienza is a correctional officer at OCI. On August 22, 1996, Maienza was training OCI employees on armed self-defense. After finishing the class and clocking out, Maienza went to his car. He drove his car from the parking lot to an access road leading to the public street. While on the access road, he noticed a line of approximately five cars that were sitting on the access road and waiting to turn onto the public street. As Maienza approached this line of cars, he was rear-ended by a car driven by fellow OCI employee Phillip Hoover. Maienza allegedly injured his neck. He claims that he has had trouble sleeping and intermittently suffers from neck pain as a result of the accident.
Maienza pursued a claim through the Bureau of Workers' Compensation ("BWC") . After several hearings and appeals, the Industrial Commission denied Maienza the right to participate in the Fund. In 1999, Maienza filed. a complaint in the Pickaway County Court of Common Pleas seeking to participate in the Fund. Maienza and OCI filed motions for summary judgment. The trial court granted Maienza's motion and denied OCI's motion. OCI appeals and assigns the following error:
 THE LOWER COURT ERRED IN GRANTING MAIENZA'S MOTION FOR SUMMARY JUDGMENT AND DENYING [OCI'S] MOTION FOR SUMMARY JUDGMENT.
 II.
In its only assignment of error, OCI argues that Maienza failed to meet the three-prong "totality of the circumstances" test articulated by the Ohio Supreme Court in Lord v. Daugherty (1981), 66 Ohio St.2d 441. OCI asserts that, as a result, it is entitled to judgment as a matter of law.
Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Harless V. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Conley at 411-12. See, also, Schwartz v. Bank One,Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988)38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial.Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist."Morehead v. Conley at 413.
"The coming-and-going rule is a tool used to determine whether an injury suffered by an employee in a traffic accident occurs 'in the course of' and 'arises out of' the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C)." Ruckman v. CubbyDrilling, Inc. (1998), 81 Ohio St.3d 117, 119. Generally, the coming-and-going rule provides that "an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in [the Fund] because the requisite causal connection between injury and the employment does not exist." Ruckman, 119, quoting MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, 68, citing, Bralley v. Daugherty (1980),61 Ohio St.2d 302.
Neither party disputes that Maienza was a fixed-situs employee. However, that alone does not mean that he cannot participate in the Fund. A claimant may avoid the effect of the coming-and-going rule when he can otherwise demonstrate that he received his injury in the course of and arising out of his employment. Ruckman at 120, citing MTD Products.
OCI urges us to apply the three-prong test of Lord. This "totality of the circumstances" test is used to determine whether there is a sufficient causal connection between a claimant's injury and a claimant's employment to justify participation in the Fund. In applying the Lord
test, we look at "(1) the proximity of the scene of the accident to the place of employment, (2), the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Ruckman at 122, quoting Lord at the syllabus. However, the failure to satisfy theLord test does not mean that an employee may not participate in the Fund. The enumerated factors of the Lord test "are not intended to be exhaustive and the totality-of-the-circumstances test may continue to evolve." Ruckman at 122, citing Fisher v. Mayfield (1990),49 Ohio St.3d 275, 279, fn.2. The coming-and-going cases have developed a unique group of tests." Fisher at 280. "Workers' compensation cases are, to a large extent, very fact specific. As such, no one test or analysis can be said to apply to each and every factual possibility." Ruckman at 122, quoting Fisher at 280.
 One of the "unique" coming-and-going tests is that [a]n employee who, on his way from the fixed situs of his duties after the close of his work day, is injured in a collision of his automobile and that of a fellow employee occurring in a parking lot located adjacent to such situs of duty and owned, maintained and controlled by his employer for the exclusive use of its employees, receives such injury "in the course of, and arising out of' his employment, within the meaning of that phrase in the Workers' Compensation Act * * * .
Donnelly v. Herron (2000), 88 Ohio St.3d 425, 429, quoting Marlowv. Goodyear Tire Rubber Co. (1967), 10 Ohio St.2d 18, syllabus.
In this case, there is no genuine issue of material fact that the access road where Maienza was injured is owned, maintained, and controlled by OCI for its exclusive benefit. We find that an access road maintained and controlled by an employer for its exclusive benefit is not significantly different from a parking lot maintained and controlled by an employer exclusively for its employees.
There is no dispute that Maienza was "on his way from the fixed situs of his duties after the close of his work day" and was "injured in a collision of his automobile and that of a fellow employee" on an access road "located adjacent to such situs of duty, owned, maintained and controlled by" OCI for its exclusive benefit. Thus, we find that theMarlow syllabus applies in this case and Maienza is entitled to participate in the Fund as a matter of law. Accordingly, the trial court did not err in granting summary judgment to Maienza or in denying OCI's motion for summary judgment. We overrule OCI's only assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
 ________________ Roger . Kline, Presiding Judge