JOURNAL ENTRY AND OPINION
Renita Thompson appeals from a decision of the common pleas court which granted summary judgment to her employer, Crestmont Nursing Home North Corporation, in connection with injuries she sustained when a co-worker assaulted her with an exacto knife on Crestmont's property. The narrow issue for us to resolve is whether Thompson's injuries occurred in the course of and arose out of her employment. After reviewing applicable case law, we have concluded that Thompson's injuries occurred in the course and scope of her employment with Crestmont. Accordingly, we reverse the judgment of the court granting summary judgment in favor of Crestmont.
The factual history of this case reveals that Crestmont employed Thompson as a nursing assistant at its nursing home located at 13330 Detroit Avenue in Lakewood, Ohio; Crestmont also employed Ramona Williams at the same facility.
On October 25, 1999, Williams filed a grievance with Crestmont accusing Thompson of stalking her and practicing black magic and voodoo. Cira Abou-Chadid, the administrator of the nursing home, met with both Williams and Thompson concerning these allegations; she later told police that she did not perceive that anything violent would result from this dispute.
The next day, however, after Thompson and Williams exited an RTA bus and proceeded toward the front entrance of the nursing home, Williams grabbed Thompson from behind and slashed her several times with an exacto knife. This attack occurred on Crestmont's property, approximately twenty feet from the main entrance to the nursing home.
As a result of this assault, Thompson received numerous large lacerations which required emergency treatment and surgery. Thompson filed a claim for workers' compensation benefits in connection with these injuries. The Bureau of Workers' Compensation and the Industrial Commission denied the claim at all administrative levels.
As a result, Thompson filed an appeal with the court of common pleas. On November 22, 2000, Crestmont and the Bureau of Workers' Compensation filed a joint motion for summary judgment, which the court granted on February 26, 2001.
Thompson now appeals from the trial court's decision to grant summary judgment and raises one assignment of error for our review. It states:
 A GENUINE ISSUE OF MATERIAL FACT EXISTS AND, THEREFORE, THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE APPELLEE.
Thompson urges that her injuries occurred in the course of and arising out of her employment with Crestmont, or in the alternative, that her injuries occurred within her zone of employment. Crestmont argues that Thompson sustained her injuries while traveling to her fixed situs of employment, and that none of the exceptions to the coming-and-going rule apply in this case. Thus, the issue for us to resolve is whether a fixed-situs employee who is injured as a result of an intentional attack by a co-worker on her employer's property, but before she enters the building or begins to perform her duties, is entitled to workers' compensation benefits.
In Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, the court set forth the following standard for summary judgment under Civ.R. 56(C):
 Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Here, because the parties do not dispute the facts in this case, there are no genuine issues of material fact, and we are called upon to consider whether the trial court correctly determined Crestmont's entitlement to summary judgment as a matter of law.
At the outset of our analysis, we recognize that, under R.C.4123.01(C), to be compensable, a work-related injury must occur in the course of, and arising out of, the injured employee's employment. In Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 120, the court explained the first statutory requirement, in the course of employment, as follows:
 As this court stated in Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1274, the statutory requirement that an injury be in the course of employment involves the time, place, and circumstances of the injury. Time, place, and circumstance, however, are factors used to determine whether the required nexus exists between the employment relationship and the injurious activity; they are not, in themselves, the ultimate object of a course-of-employment inquiry.
As for the arising out of employment requirement of R.C. 4123.01(C), the court in Ruckman stated at page 122:
 In Fis her, id. at 277, 551 N.E.2d at 1274, this court reaffirmed use of the Lord v. Daugherty (1981), 66 Ohio St.2d 441, 20 Ohio Op. 3d 376, 423 N.E.2d 96, "totality of the circumstances" test to determine whether there exists a sufficient causal connection between injury and employment to justify a claimant's participation in the fund. That test requires primary analysis of the following facts and circumstances: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Id. at the syllabus.
Crestmont urges that, because the assault occurred as Thompson approached the main entrance to the nursing home, before she entered the building, clocked in, started her shift, or performed any duties, the coming-and-going rule applies. We disagree.
As indicated at page 124 of Ruckman, this rule, which emanates from Littlefield v. Pillsbury Co. (1983), 6 Ohio St.3d 389, has been limited to fixed-situs employees injured in traffic accidents on public roads:
 Accordingly, we now expressly limit the syllabus of Littlefield to state a test for determining only whether a traffic injury suffered by a fixed-situs employee while coming to or going from work arises out of the employment relationship. * * *
Appellate courts have also applied this rule to slip-and-fall accidents on public sidewalks. However, the coming-and-going rule has not been applied to cases where the employee is injured on the employer's property. Instead, courts have generally found such injuries to be compensable. See, generally, Gregory v. Indus. Comm. of Ohio (1935),129 Ohio St. 365, 369; Kasari v. Indus. Comm. of Ohio (1932)125 Ohio St. 410, paragraphs one and two of the syllabus.
A more persuasive case, with facts similar to the instant case, is Griffin v. Hydra-Matic Division, General Motors Corp. (1988),39 Ohio St.3d 79. There, the court affirmed previous decisions allowing an employee to recover benefits for injuries she sustained when she slipped and fell in her employer's parking lot following the completion of her shift. The court stressed the importance of the fact that the accident occurred on the employer's premises. Id. at 80. The court stated in its syllabus:
 An injury sustained by an employee upon the premises of her employer arising during the course of employment is compensable pursuant to R.C. Chapter 4123 irrespective of the presence or absence of a special hazard thereon which is distinctive in nature or quantitatively greater than hazards encountered by the public at large. * * *
In the instant case, Williams attacked Thompson on Crestmont's property, within twenty feet of the front entrance of the nursing home. As such, unlike a public sidewalk or road, Crestmont had control over its premises and the situs of this injury. Moreover, Crestmont had notice of problems between Williams and Thompson because the administrator of the nursing home met with them to discuss a grievance the day before Williams attacked Thompson.
Crestmont emphasizes that Thompson sustained her injuries before she clocked-in or performed any of her duties. However, "[t]o be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer." Ruckman, at 120, citing Sebek v. Cleveland Graphite Bronze Co. (1947), 148 Ohio St. 693, paragraph three of the syllabus.
In addition, we note that the fact that Thompson's injuries were intentionally inflicted by a third party does not prevent her from collecting workers' compensation benefits. Regardless of whether injuries result from an industrial accident, an automobile collision, a slip and fall, or the intentional act of a third party, the test remains the same — were the injuries sustained in the course of and arising out of employment. See Stivison v. Goodyear Tire Rubber Co. (1997),80 Ohio St.3d 498. As such, we are unpersuaded by the third party assault cases cited by Crestmont, which are factually distinguishable.
In this case, Thompson sustained injuries on her employer's premises just prior to entering the building and beginning her employment. In Griffin, the court permitted the injured employee to receive workers' compensation benefits for injuries sustained in a slip and fall on her employer's premises just after she left the building following completion of her employment for that day. As in Griffin, therefore, we have concluded Thompson sustained injuries in the course of and arising out of her employment. Accordingly, the judgment of the trial court is reversed, and we remand this case for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J. CONCURS; COLLEEN CONWAY COONEY, J. CONCURS. (See Concurring Opinion Attached.)