DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Edith A. Shamberger, appeals from the decision of the Summit County Court of Common Pleas, which granted the motion for summary judgment of the appellees, NHV Physicians Professional Corp. ("NHV") and the Bureau of Workers' Compensation ("Bureau"). We reverse and remand for further proceedings.
 I. {¶ 2} On August 14, 2002, Shamberger filed an appeal of a decision of the Bureau of Worker's Compensation, pursuant to R.C. 4123.512, in the Summit County Court of Common Pleas. The complaint alleged that Dr. Margo Prade was murdered on or about November 26, 1997, in the parking lot of her employer, Appellee NHV. Shamberger was seeking workers' compensation death benefits pursuant to R.C. 4123.59 on behalf of the minor children of Dr. Prade. The claim had originally been disallowed by the Industrial Commission, which found that Dr. Prade's death did not arise out of her employment.
 {¶ 3} In the trial court, NHV filed a motion for summary judgment, in which the Bureau joined. NHV argued that Dr. Prade's death did not arise out of her employment because her ex-husband, Douglas Prade had been convicted of her murder, and therefore, her minor children were not entitled to death benefits. The Bureau argued that Dr. Prade's death did not occur in the course of nor arise out of her employment. The Summit County Court of Common Pleas agreed that Dr. Prade's death did not arise out of her employment and granted summary judgment in favor of NHV and the Bureau. This appeal followed.
 II. Assignment of Error
"The Trial Court Erred To The Prejudice Of The Plaintiff-appellant In Granting Summary Judgment To The Defendants Finding Therefore That No Genuine Issue Of Material Fact Exists AS To [Whether] Or Not The Plaintiff's Decedent Was In The Course And Scope Of Her Employment At The Time Of Her Injuries And Death."
 {¶ 4} In her sole assignment of error, Shamberger challenges the trial court's decision to grant summary judgment in favor of Appellees. Shamberger asserts that there was a genuine issue of material fact as to whether Dr. Prade's death arose out of her employment. We agree that summary judgment was improperly granted.
 {¶ 5} We begin by noting that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} To prevail on a motion for summary judgment, the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293-294. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co.
(1997), 80 Ohio St.3d 498, 499. In that case, the moving party then "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher, 75 Ohio St.3d at 292. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element. Id. at 293.
 {¶ 8} The Ohio Supreme Court has explained the summary judgment burden as follows:
"[T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include `the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." Id. at 292-293.
 {¶ 9} Only after the movant satisfies the initial Dresher burden, must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id. at 294. "It is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Horizon Savings v. Wootton
(1991), 73 Ohio App.3d 501, 504.
 {¶ 10} Pursuant to R.C. 4123.01, an employee is entitled to benefits under workers' compensation for an injury received in the course of and arising out of his employment. See R.C. 4123.01(C). If the employee dies from such an injury, benefits are paid to qualifying dependents pursuant to R.C. 4123.59. In order to qualify for benefits, the claimant must demonstrate both the "in the course of" prong and the "arising out of" prong. Fisher v. Mayfield (1990), 49 Ohio St.3d 275,277. When determining whether an injury occurred in the course of employment, courts consider the time, place, and circumstances of the injury. Id. "An injury is received `in the course of employment,' `if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business.'" Coleman v. APCOA, Inc. (Sept. 28, 1999), 10th Dist. No. 99AP-60, quoting Ruckman v. Cubby Drilling, Inc. (1998),81 Ohio St.3d 117, 120.
 {¶ 11} An injury arises out of the employment when a sufficient causal connection exists between the injury and the employment. Lord v.Daugherty (1981), 66 Ohio St.2d 441, 444. Whether a sufficient causal connection exists depends on the totality of the facts and circumstances surrounding the injury. Id. Risks that cause injuries at the workplace fall into one of three categories: "risks distinctly associated with the employment, risks personal to the claimant, and `neutral' risks — i.e., risks having no particular employment or personal character."Waller v. Mayfield (1988), 37 Ohio St.3d 118, 122, quoting 1 Larson, The Law of Workmen's Compensation (1985) 3-12, Section 7.00. Injuries resulting from risks associated with the employment are compensable, while injuries stemming from a risk that is personal to the claimant are "universally noncompensable." Id.
 {¶ 12} The Ohio Supreme Court set forth three factors to consider when determining the existence of a causal connection between the injury and the employment: (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. Lord,66 Ohio St.2d 441, at syllabus. However, "[b]ecause workers' compensation cases tend to be fact-specific, no one test or analysis could be applied to all cases; consequently, courts have developed sets of rules for similar fact patterns." Coleman, supra, citing Fisher v. Mayfield
(1990), 49 Ohio St.3d 275, 280. One such fact pattern involves fights and assaults.
 {¶ 13} In workers' compensation cases concerning fights and assaults at the workplace, Ohio courts determine (1) if the origin of the assault was work-related and (2) if the claimant was not the instigator.Coleman, supra. See, also, Indus. Comm. v. Pora (1919), 100 Ohio St. 218;Delassandro v. Indus. Comm. (1924), 110 Ohio St. 506. The injury is compensable only if both findings are made. Coleman, supra; Williams v.Indus. Comm. (1939), 63 Ohio App. 66.
 {¶ 14} The record in this matter consists of Shamberger's complaint, the respective answers of the appellees, the motions for summary judgment and Shamberger's brief in opposition to summary judgment. In its motion for summary judgment, NHV argued that Shamberger could not demonstrate that Dr. Prade's death arose out of her employment and that, therefore, workers' compensation benefits should be denied. However, NHV failed to refer to any evidence in the record of the type listed in Civ.R. 56(C) in support of its argument. In order to meet its summary judgment burden under Dresher, NHV had to point to some portion of the record that demonstrated the absence of a genuine issue of material fact. This NHV failed to do. Instead, NHV supported its motion with a copy of Douglas Prade's conviction, a copy of this Court's opinion affirming that conviction, and a copy of an entry from the Ohio Supreme Court denying Douglas Prade's further appeal. Not only are these documents not proper Civ.R. 56(C) evidence, the documents are arguably not part of this record at all. Similarly, the Bureau did not attach any documentation or refer to any portions of the record in support of its position.
 {¶ 15} As NHV and the Bureau have failed to point to portions of the record that demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law, they have failed to meet their initial burden under Dresher. As a result, Shamberger had no corresponding duty to present evidence that some issue of material fact remains for the trial court to resolve. Accordingly, we conclude that summary judgment was improperly granted to the appellees. The sole assignment of error is sustained to the extent that summary judgment was improperly granted. We note that we take no position regarding the merits of Shamberger's claim for workers' compensation benefits.
 III. {¶ 16} The sole assignment of error is sustained to the extent that summary judgment was improperly granted to the appellees. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings.
Judgment reversed, and cause remanded.
BATCHELDER, J. CONCURS.