O’Neill, J.,
dissenting.
{¶ 35} This case should be dismissed as having been improvidently accepted. It is unclear whether this opinion affirms, reverses, or modifies the judgment of the court of appeals. Likewise, it does not involve a substantial constitutional question and it does not meet this court’s jurisdictional requirement of a case “of public or great general interest.” Ohio Constitution, Article IV, Sections 2(B)(2)(a)(ii) and 2(B)(2)(e). The Fifth District did not rely on or apply the doctrine of dual intent in this case. The Fifth District decided the issues in this *433 case based on current statutes and binding precedent from this court, and I write to caution against the practice of announcing a new rule of law in a case that was decided on summary judgment, since it provides such a limited evidentiary record.
{¶ 36} I agree with the majority that “[t]he proper way to analyze workers’ compensation claims, even for employees traveling for both personal and employment purposes, is to apply the ‘in the course of and ‘arising out of tests described in Fisher [v. Mayfield, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990)] and its progeny, including the totality-of-the-circumstances tests for causation described in Lord [v. Daugherty, 66 Ohio St.2d 441, 423 N.E.2d 96, (1981)] and Ruckman [v. Cubby Drilling, Inc., 81 Ohio St.3d 117, 120, 689 N.E.2d 917 (1998)]. Even when work creates a necessity for travel and the travel includes a personal purpose, workers’ compensation benefits are available only for an injury that occurs in the course of and arising out of the employment.” Majority opinion at ¶ 28. That is precisely the analysis that the Fifth District performed in this case. The Fifth District determined that the trial court erred in granting summary judgment to the Visiting Nurse Association of Mid-Ohio (“VNA”). The Fifth District also determined that under Fisher, Friebel was injured in the course of and arising out of her employment, as required by R.C. 4123.01(C). Thus, the court of appeals remanded the case to the trial court for further proceedings. And now the majority mandates the same outcome as the court of appeals. Is that a reversal, affirmance, or modification? It is none of the above.
{¶ 37} It is very clear that the Fifth District did not base its decision on the doctrine of dual intent, and it is wrong to suggest otherwise. Indeed, as the majority points out, the appellate opinion cites no precedent applying or explaining the doctrine of dual intent. Majority opinion at ¶ 25, citing Judge Wise’s dissenting opinion in the court of appeals. I would suggest that this case, an appeal from a summary judgment, simply does not have the sufficient evidentiary record to provide the foundation for a major pronouncement on a subject as complex as “dual intent” in the area of workers’ compensation.
{¶ 38} The appellate opinion mentions dual intent only two times in the entire opinion, and neither time is the court applying the dual-intent doctrine. Both references are in ¶ 21. The first reference appears as follows: “These facts present a unique situation in which [Friebel] had dual intentions when she left her home on the morning of Saturday, January 22, 2011. She intended to travel to her patient’s home via a certain defined route. She also intended to drop her passengers off at the mall and return to the route to her patient’s home.” 2013-Ohio-1646, 991 N.E.2d 279, ¶ 21 (5th Dist.). And then five sentences later, the opinion reads, “Simply because [Friebel] dually intended to both travel to her patient’s home and drop her passengers off at the mall when she left her house *434 does not disqualify [her] from being in the course of employment since the accident occurred prior to [her] deviation from the route to the patient’s house.” Id. These two oblique references in one paragraph of the entire 34-paragraph appellate opinion clearly demonstrate that the court of appeals was relying on established law rather than plowing new ground. Significantly, the appellate opinion, relying on established precedent from this court in the area of workers’ compensation, devotes paragraphs 15 through 31 to explaining why the trial court erred as a matter of law when it granted summary judgment in favor of the employer. And in so doing, the court properly relied on applicable statutes and binding precedent from this court, including R.C. 4123.54(A), R.C. 4123.01(C), Fisher, 49 Ohio St.3d 275, 551 N.E.2d 1271; Lord, 66 Ohio St.2d 441, 423 N.E.2d 96; and Ruckman, 81 Ohio St.3d 117, 689 N.E.2d 917.
Plevin & Gallucci, Frank Gallucci III, and Matthew P. Cincione; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.
Willacy, LoPresti & Marcovy, Timothy A. Marcovy, and Michael S. Lewis, for appellant Visiting Nurse Association of Mid-Ohio.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Stephen P. Carney, Deputy Solicitor, Cheryl *435 J. Nester, Principal Assistant Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellant Stephen P. Buehrer, Administrator, Ohio Bureau of Workers’ Compensation.
*434 {¶ 39} The simple fact is that Friebel is a visiting nurse. By definition, she travels to treat patients. Pursuant to her employer’s policies, she was on the clock from the time she left her home on Saturday to visit her patient and was entitled to reimbursement for mileage for the whole journey, including the moment when her car was struck from the rear by another car. It is disingenuous at best to suggest that a worker is being paid to drive to a specific location to do her job, but under some theory of “dual purpose” she is not entitled to workers’ compensation benefits for an injury that happens during the course of the journey.
{¶ 40} The Fifth District got this case right when it reversed the summary judgment in favor of VNA and remanded this case to the trial court for further proceedings. Likewise, the majority’s decision to remand the case to the trial court is correct. Everyone seems to agree that Friebel, at a minimum, deserves her day in court. However, the court here mischaracterizes the holding of the Fifth District, and to that I object. The Fifth District simply did not reverse the trial court’s summary judgment based on the doctrine of dual intent. Thus, this case should be dismissed as having been improvidently accepted. It was already on course and heading in the right direction, our pronouncements to the contrary notwithstanding.
Pfeifer, J., concurs in the foregoing opinion.