OPINION
{¶ 1} In this accelerated calendar case, appellant, Brooke Jesse, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellee, The May Department Stores, Co. ("May").
 {¶ 2} The following facts are taken from the stipulations filed by the parties. Jesse was working at the Kaufmann's Department Store ("Kaufmann's"), which was owned by May. The store is located in the Great Lakes Mall in Mentor, Ohio. Jesse parked in the Great Lakes Mall parking lot. As instructed by May, she avoided parking in the four rows in the parking lot closest to the north entrance of Kaufmann's. These rows were reserved for customers.
 {¶ 3} She proceeded to the north entrance of Kaufmann's, where employees had been instructed to enter. On her way from her car to the store, Jesse slipped on a natural accumulation of ice. As a result of the fall, she sustained an injury to her knee.
 {¶ 4} Great Lakes Mall owns and operates the parking lot. A lease agreement exists between May and Great Lakes Mall. Pursuant to this agreement, May pays Great Lakes Mall for the maintenance of the parking lot on a pro rata basis with the other tenants of the mall. If May becomes unsatisfied with the upkeep of the parking lot, the lease provides a process by which May could take over the maintenance and upkeep of its portion of the parking lot. This process includes filing notice with Great Lakes Mall and, if May was still unsatisfied thirty days later, the matter would be submitted to arbitration. May has never attempted to invoke these procedures.
 {¶ 5} Jesse filed a workers' compensation claim against May. This claim was denied. After exhausting her administrative remedies, Jesse appealed to the common pleas court, pursuant to R.C. 4123.512.
 {¶ 6} Both parties filed motions for summary judgment. The trial court granted May's motion for summary judgment. In its judgment entry, the trial court held that (1) the parking lot is not part of May's business premises; (2) Jesse was not in the "zone of employment" when she fell; and (3) there was not a causal connection between Jesse's injury and her employment based on the "totality of the circumstances" test.
 {¶ 7} Jesse has timely appealed the trial court's judgment to this court. She raises the following assignments of error:
 {¶ 8} "[1.] The trial court erred in finding plaintiff's fall did not occur on the `premises' of appellee.
 {¶ 9} "[2.] The trial court erred in finding plaintiff's fall did not occur in the `zone of employment' of appellee.
 {¶ 10} "[3.] The trial court erred in finding plaintiff's fall did not meet the `totality of the circumstances' test."
 {¶ 11} Due to the similar nature of Jesse's assignments of error, they will be addressed in a single analysis.
 {¶ 12} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the non-moving party.[2]
The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 13} "In order to qualify for workers' compensation, an employee must have suffered an injury `in the course of, and arising out of,' his employment."[4]
 {¶ 14} "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist."[5]
Informally, this is known as the "going and coming" rule.[6]
 {¶ 15} Generally, an injury sustained on the premises of the employer is compensable.[7] Jesse's injury was not sustained on May's premises. The evidence submitted to the court clearly established that the parking lot was owned and operated by Great Lakes Mall.
 {¶ 16} However, there are several exceptions to the general rule prohibiting compensation for an employee injured in her commute to work, including: "(1) the injury occurs within the zone of employment * * *; (2) the employment creates a `special hazard' * * *; or (3) there is a causal connection between the employee's injury and employment based on the `totality of the circumstances' surrounding the accident."[8]
 {¶ 17} Jesse concedes the "special hazard" exception is not applicable to this case.
 {¶ 18} An injury may be subject to workers' compensation if it occurred within the "zone of employment." A critical inquiry of the "zone of employment" analysis is whether the employer had control over the area where the accident occurred.[9]
 {¶ 19} Actual control of the maintenance of the parking lot was vested with Great Lakes Mall. However, the lease provision extended a limited amount of control to May. The lease provided a process, by which May could attempt to assume responsibility for the maintenance of the parking lot. In addition, May was an anchor tenant at the mall. Due to its status as an anchor tenant and the lease provisions, May could certainly exercise a minimal degree of control over the maintenance of the parking lot.
 {¶ 20} In contrast, May exercised a great deal of control over Jesse and the area of the parking lot where she fell. The following language is included in an employee handout, attached as exhibit one to Jesse's motion for summary judgment:
 {¶ 21} "ASSOCIATE ENTRANCE/EXIT PROCEDURES
 {¶ 22} "When scheduled, Associates must use the lower level Mentor Avenue entrance, Mall entrance may be used for meals and breaks.
 {¶ 23} "* * *
 {¶ 24} "ASSOCIATE PARKING
 {¶ 25} "Associate parking is in the North Parking lot (facing Mentor Ave.). The four center rows of spaces are reserved for the customers."
 {¶ 26} May specifically instructed its employees not to park in the closest four rows of parking spaces. Accordingly, May was controlling this area of the parking lot by regulating who could park in these spaces. In addition, as evinced by the map in plaintiff's exhibit #1, there were certain, specific areas of the parking lot designated for "employee parking."
 {¶ 27} In addition, May mandated that employees use the north entrance to enter the store when beginning a shift. The fact that an employer requires its employees to enter through a single entrance way is a relevant fact to consider when determining whether an injury incurred in route to that entrance way was in the zone of employment.[10] In Gonzalez, the Seventh Appellate District held that such an injury did occur in the zone of employment.[11]
 {¶ 28} Jesse was following a direct order from her employer by avoiding the four rows closest to the store. Thus, May was controlling her actions at that time. If this restriction was not in place, Jesse would have had the opportunity to park in a spot closer to the store. She then would have had to traverse a shorter, and perhaps safer, path to the store.
 {¶ 29} May repeatedly asserts that Great Lakes Mall, not May, owned the parking lot. However, the Eighth Appellate District has held that the "zone of employment" exception can be satisfied when the employer leases the parking lot in question for its employees to park.[12] The facts in Meszaros are nearly identical to those in this matter. The employee parked in a parking lot leased by his employer. Thereafter, he slipped on ice walking on a driveway owned by a third party on his way to work.[13] The court held:
 {¶ 30} "[The employer] assigned [the employee] to the lot and paid for [the employee] to park there. [The employer] induced [the employee] to park in this lot. [The employer] provided two access routes to [its] building. * * * Using the [third party's] driveway was the more convenient route. The employer intended
the employees to use the [third party's] driveway to get from the parking lot to work."[14]
 {¶ 31} In the case sub judice, May intended for its employees to park in the designated areas outside the four closest rows of parking spaces. While there were multiple access routes to the north entrance depending on the exact parking spot the employee chose on a particular day, the general access routes were the same. The employee walked from the employee parking areas, across a parking lot leased by May, to the north entrance of Kaufmann's. Essentially, May was "funneling" its employees from the designated parking areas to the north entrance of the store.
 {¶ 32} May cites this court's decision in Abrams v. EltechSystems, Inc., in support of its argument.[15] However, the Abrams case is readily distinguishable from the case at bar. In Abrams, an employee was attending a company-sponsored event at a resort. Following the event, the employee went to a bar located in the resort for several hours. Thereafter, he fell on ice in the parking lot of the resort. This court held that the parking lot was not under the control of the employer and that no special hazard existed.[16] In the case sub judice, Jesse was not at an offsite event, but was a short distance from her place of employment. More importantly, she had parked in the area designated by her employer.
 {¶ 33} May also cites the Eighth Appellate District's holding in Zelenak v. The May Co. Dept.[17] In Zelenak, an employee, whose husband had just picked her up after her shift working at a department store ended, was injured when their vehicle was struck by another vehicle while they were attempting to exit the mall parking lot. The court held that no special hazard existed.[18] Again, the case is distinguishable. InZelenak, there is no indication that the employer controlled the direction of the vehicle.
 {¶ 34} Jesse's injury occurred in the "zone of employment" of May.
 {¶ 35} In addition, Jesse's injury would qualify for workers' compensation under the totality of the circumstances test. The three factors to be considered when determining whether the totality of the circumstances test has been met are "`(1) the proximity of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the employee's presence at the scene of the accident.'"[19]
 {¶ 36} The trial court concluded that Jesse's injury satisfied the proximity element because it occurred near the north entrance of Kaufmann's. We agree. Although the stipulations do not indicate an exact distance between the site of the injury and Kaufmann's, the injury occurred when she was walking from her car to the store.
 {¶ 37} We have previously determined that May significantly controlled the area of the parking lot where the injury occurred. Accordingly, the first and second prongs of the test are satisfied.
 {¶ 38} Finally, May received a direct benefit by Jesse being at the scene of the accident. Since Jesse parked outside of the reserved rows of parking spaces, those spaces remained open for customers to park. Certainly, extending potential customers the convenience of parking close to its store conveys a benefit on May, by increasing the number of people who shop in the store.
 {¶ 39} Jesse's first assignment of error is without merit. Jesse's second and third assignments of error have merit.
 {¶ 40} The parties have stipulated to the relevant facts in this matter. Accordingly, there are no genuine issues of material fact. Moreover, we have determined that Jesse is entitled to judgment as a matter of law. Thus, summary judgment in her favor is appropriate.
 {¶ 41} The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Robert A. Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concurs,
Diane V. Grendell, J., dissents with Dissenting Opinion.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[4] Abrams v. Eltech Systems, Inc. (Sept. 8, 1995), 11th Dist. No. 94-L-165, 1995 Ohio App. LEXIS 3894, at *4, citing R.C.4123.01(C).
[5] MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66, syllabus.
[6] See Griffin v. Hydra-Matic Division, General Motors Corp.
(1988), 39 Ohio St.3d 79, 80.
[7] Id. at 82.
[8] (Secondary citations omitted.) Weiss v. Univ. Hosp. ofCleveland (2000), 137 Ohio App.3d 425, 430-431, citing MTDProducts, Inc. v. Robatin, 61 Ohio St.3d at 68-70.
[9] MTD Products, Inc. v. Robatin, 61 Ohio St.3d at 69.
[10] See Gonzalez v. Administrator, Bureau of Workers'
Compensation, 7th Dist. No. 03 MA 86, 2004-Ohio-1562.
[11] Id. at ¶ 27.
[12] Meszaros v. Legal News Publishing Co. (2000),138 Ohio App.3d 645.
[13] Id.
[14] (Emphasis in original.) Id. at 648.
[15] Abrams v. Eltech Systems, Inc., supra.
[16] Id. at *6-8.
[17] Zelenak v. The May Co. Dept. (Apr. 7, 1994), 8th Dist. No. 64940, 1994 Ohio App. LEXIS 1471.
[18] Id. at *10.
[19] Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277, quoting Lord v. Daugherty (1981), 66 Ohio St.2d 441, syllabus.