OPINION
{¶ 1} Appellant, James Rantamaki, appeals from the judgment of the Ashtabula County Court of Common Pleas, granting appellee, the City of Ashtabula, summary judgment. For the reasons that follow, we affirm.
 {¶ 2} On February 7, 2004, appellant, a patrolman for the City of Ashtabula Police Department, was scheduled to report for work at 3:00 a.m. Appellant generally worked first shift, i.e., 7:00 a.m. to 3:00 p.m., but was assigned the overtime hours on the previous day. Appellant left his home in full uniform at approximately 2:30 a.m. As he attempted to negotiate his icy front porch steps, he slipped and fell. Appellant missed two weeks of work and sought to participate in Ohio's Workers' Compensation Fund.
 {¶ 3} On March 26, 2004, a hearing was held to determine whether appellant was eligible to participate in the Fund. After reviewing the facts, the Industrial Commission of Ohio denied appellant's claim finding appellant's injury was not sustained "in the course of and arising out of his employment". Appellant appealed the District Hearing Officer's determination. On April 28, 2004 a hearing was held and the Staff Hearing Officer affirmed the decision of the District Hearing Officer. On July 20, 2004, appellant appealed the matter to the Ashtabula County Court of Common Pleas. On February 7, 2005, appellee moved for summary judgment which was granted through the trial court's May 2, 2005 judgment entry.
 {¶ 4} Appellant now appeals to this court and asserts the following assignment of error for our review:
 {¶ 5} "Whether the trial court erred in its May 2, 2005 entry granting summary judgment to appellee[,] the City of Ashtabula[,] since there are genuine issues of material fact that remain to be litigated in this case."
 {¶ 6} This court reviews de novo a trial court's order granting summary judgment. Hapgood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Id. Initially, the moving party shoulders the burden of conclusively demonstrating no genuine issues of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a court reviews the motion, the nonmoving party enjoys the benefit of having the evidence viewed in a light most favorable to its position. Id., citing Civ.R. 56(C). However, the nonmoving party is not entitled to proceed to trial merely on the basis of allegations; it must set forth some significant probative evidence to show a material issue of fact exists to support its claim. Id., see also, Celotex Corp. v. Catrett (1986),477 U.S. 317, 324. If the nonmoving party fails to meet its reciprocal burden on an essential element of its case, the moving party is entitled to summary judgment. Id. at 323.
 {¶ 7} Under his sole assignment of error, appellant argues the trial court erred in awarding appellee summary judgment because there are genuine issues of material fact as to (1) whether he was injured while acting "within the course" of his employment and (2) whether his injury "arose out of" his employment. Conversely, appellee contends the trial court properly awarded it summary judgment because appellant failed to establish a causal connection between his injury and employment.
 {¶ 8} Before examining appellant's assigned error, we shall first provide a sketch of the legal framework for the matter at issue. Appellant filed suit to participate in Ohio's Worker's Compensation Fund. To qualify for workers' compensation, an employee must suffer an injury "in the course of, and arising out of," his employment. R.C. 4123.01(C); see, also Jesse v. The MayDepartment Stores Co., 11th Dist. No. 2003-L-064,2004-Ohio-5313, at ¶ 13. An "injury" is limited to those injuries that are received "in the course of" and "arising out of" the injured employee's employment. R.C. 4123.01(C). These requirements should be liberally construed in favor of awarding benefits to injured employees to the extent compensation is proper. R.C. 4123.95; see, also, Barber v. Buckeye Masonry Construcyion Co., 146 Ohio App.3d 262, 269, 2001-Ohio-4301.
 {¶ 9} The "in the course of" requirement addresses the specific temporal and spatial circumstances of an injury; this inquiry examines whether a sufficient nexus exists between the employee's employment and his injury. Ruckman v. Cubby Drilling,Inc. (1998), 81 Ohio St.3d 117, 120. To satisfy this prong, the injury does not have to occur during the actual performance of work: If the employee is injured while engaging in activities that are consistent with his or her employment and logically related to the employer's business, it may be considered "in the course of" the employment. Id. at 120.
 {¶ 10} The "arising out of" component requires a causal connection between the injury and the employment. Id. at 121-122. This determination is based upon the "totality of the circumstances." Barber, supra. at 269. While not dispositive of cause, the following factors are relevant to the inquiry:
 {¶ 11} "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Lord v. Daugherty (1981), 66 Ohio St.2d 441, syllabus.
 {¶ 12} The failure to provide evidence relating to each of these factors does not, of itself, preclude participation in the fund. The Lord factors provide analytic direction but do not necessarily exhaust the "totality of the circumstances" inquiry.Barber, supra, at 270, citing Ruckman, supra.
 {¶ 13} We will first examine whether appellant set forth sufficient evidence to overcome summary judgment on the "in the course of" prong. Appellant testified his sergeant called him the evening of February 6, 2004 and asked him to report to the station by 3:00 a.m. for a four hour overtime shift. Appellant accepted the invitation and left his home at 2:30 a.m., a half hour before his overtime shift technically began. As he descended his porch steps, appellant slipped on ice and fell. Appellant was dressed in full uniform and about to enter his police cruiser located in his driveway.
 {¶ 14} During his deposition, appellant testified an officer may report for duty in one of two ways: First, an officer may report directly to the station. In such a case, the officer is formally on duty when his shift begins. Under such circumstances, one could reasonably infer that "the course of" an officer's employment begins at the formal commencement of his shift. Alternatively, an officer may be dispatched from his home in response to an emergency. In such a situation, the officer is on overtime duty as of the time of the dispatcher's call. In this latter circumstance, any activity engaged in by an officer subsequent to the emergency dispatch may be reasonably construed as occurring "in the course of" the officer's employment.
 {¶ 15} On the day of the injury, appellant testified he was to report for overtime duty at the police station by 3:00 a.m. Although he was reporting for overtime duty, he was not leaving his house on an emergency call. Pursuant to his testimony, appellant was not on duty at the time of his fall. Further, leaving one's house and walking down one's stairs are not activities unique to or necessarily related to police work. Therefore, even when the evidence is viewed in a light most favorable to appellant, there is no genuine issue of material fact as to whether appellant sustained his injury while "in the course" of his employment. Appellant fails to meet the first prong of the R.C. 4123.01(C) inquiry.
 {¶ 16} Appellant also fails to create a triable issue as to whether he was injured "in the course of" his employment. We acknowledge that nearly all non-compensable injuries bear some fundamental causal relationship to an injured employee's employment; however, mere "cause in fact" is not dispositive of the "in the course of" inquiry: the legal analysis is centered on the "nature and degree of the causal connection between the injury and the employment." Barber, supra, at 269, citing,Stivison v. Goodyear Tire Rubber Co. (1997),80 Ohio St.3d 498, 499.
 {¶ 17} Under the circumstances, appellant was injured when he slipped on ice located on the steps of the porch of his home. We again note that walking down one's front porch steps is not a specific aspect of appellant's employment. Such an activity is completely coincidental to appellant's fulfillment of his obligations as a police officer or as an "Officer in Charge."
 {¶ 18} Furthermore, observing the factors set forth under theLord test, the injury did not occur in close proximity to the police station, which was where appellant was reporting for overtime duty. Moreover, the Ashtabula Police Department had no control over the ice accumulations on appellant's porch steps. Finally, Ashtabula Police Department garnered no obvious, particular benefit from appellant's presence at the scene of his injury.[1] In sum, we believe the nature and degree of the causal connection between appellant's injury and his employment is, at best, tenuous: While appellant needed to exit his home in order to enter his cruiser and report for overtime duty at the station, we believe the act of walking down his porch steps does not sufficiently relate to appellant's status or duties as a police officer to establish his injuries "arose from" his employment. Appellant has failed to demonstrate a material issue of fact as to whether his injuries "arose out of" his employment.[2]
 {¶ 19} For the foregoing reasons, appellant's sole assignment of error is overruled and the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.
Ford, P.J., O'Toole, J., concur.
[1] Appellee aptly notes that it was somehow tangentially benefited by appellant's presence at the scene of his injury: appellant was on his porch because he was going to work and thus the City received benefit of his potential services. However, accepting such an argument would make virtually any off-work site injuries automatically compensable. While R.C. 4123.95 provides the requirements that a worker's compensation claim should be liberally construed in favor of awarding benefits, the goal of the system is to ensure proper payment. Barber, supra, at 269.
[2] Appellee also contends the "coming and going" rule is "highly relevant" to the instant matter. We disagree. The "coming and going" rule provides: "an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exists." MTD Products,Inc. v. Robatin (1991), 61 Ohio St.3d 66, syllabus. A "fixed situs" employee is one who begins his or her employment duties once arriving at a designated work place, irrespective of whether he or she may be reassigned to a different work place monthly, weekly, or even daily. Ruckman, supra. Here, the record indicates that appellant was not a "fixed situs" employee. While he may have occasion to work at a fixed site, he frequently was in his cruiser while on the job. On the day of his injury, appellant was leaving his house to immediately commence his shift as a senior patrolman in his cruiser. When the evidence is viewed in a light most favorable to appellant, we believe reasonable minds could find appellant was not a fixed situs employee. Accordingly, the "coming and going" rule is irrelevant.