DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Phillip Young, appeals the judgment of the Summit County Court of Common Pleas that granted summary judgment to Appellees, the Ohio State Highway Patrol and the Ohio Department of Administrative Services (collectively, "OSP"). We affirm.
 {¶ 2} Trooper Phillip Young has been active in sports — particularly basketball — since junior high school. His participation in the game continued through adulthood and his twenty-five-year career as a state trooper. On Saturday, *Page 2 
June 21, 2003, his regular day off, Trooper Young reported for a special duty assignment at approximately 6:45 a.m. Although permitted to wear his OSP uniform and to use his cruiser in the course of the assignment, he was paid by the private company for whom the services were provided and was not scheduled to perform duties for OSP. Trooper Young completed the job within an hour and drove to the Canal Street YMCA for a game of basketball before returning to his home. For security purposes — because Trooper Young was operating an OSP cruiser — he was required to inform dispatch by radio of his location.
 {¶ 3} Trooper Young found his regular Saturday morning basketball games already in progress, so he alternated weightlifting with basketball games as space became available. During his second full-court five-on-five basketball game, Trooper Young's "leg gave out and [he] just went flying" as he ran from one end of the court to the other. He was carried from the court, and then filled out a medical incident report for the facility's fitness director. Trooper Young decided that he was able to drive home, although unable to stand, so he left the YMCA in his cruiser at approximately 10:15 a.m. He called his supervisor using his personal cellular phone to let him know that he had been injured. Trooper Young was not on-the-clock while at the YMCA, nor was he instructed to participate in the basketball games.
 {¶ 4} During his drive home, Trooper Young encountered a domestic dispute in progress on the roadway. Knowing that his inability to stand would *Page 3 
place him in a compromised and vulnerable position, Trooper Young attempted to control the situation from the driver's seat of his cruiser until Akron Police arrived on the scene. At that point, Trooper Young drove home to place ice on his injured knee.
 {¶ 5} Trooper Young subsequently filed a claim for workers' compensation benefits, alleging that his basketball injury occurred in the course of participation in an activity consistent with OSP's fitness requirements. His claim was originally disallowed, but was allowed on appeal by the district hearing officer. The Industrial Commission upheld the decision of the district hearing officer, and OSP appealed to the Summit County Court of Common Pleas as permitted by R.C. 4123.512. The parties filed cross-motions for summary judgment. On March 29, 2007, the trial court granted summary judgment to OSP. This appeal followed.
 ASSIGNMENT OF ERROR "The Trial Court erred in granting Defendant Ohio State Highway Patrol, Department of Administrative Services' Motion for Summary Judgment."
 {¶ 6} In his sole assignment of error, Trooper Young maintains that the trial court erred in its determination that his basketball injury did not arise from his employment and occur in the course and scope of his employment. Specifically, Trooper Young argues that playing basketball benefited his employer by contributing to his level of physical fitness and was consistent with OSP's fitness *Page 4 
requirements for troopers. OSP maintains that competitive sports are excluded from activities required of employees as part of their individual fitness plans as a matter of contract between the employer and the union unless specifically included in the fitness plan of a particular employee.
 {¶ 7} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could nonetheless conclude that judgment should be entered in favor of the movant. Horton v. Harwich Chem. Corp. (1995),73 Ohio St.3d 679, 686-87.
 {¶ 8} Injuries to workers are compensable under Ohio's workers' compensation system only to the extent that they arise out of and are received in the course of employment. R.C. 4123.01(C); Fisher v.Mayfield (1990), 49 Ohio St.3d 275, 276. These requirements are stated conjunctively and, therefore, both are necessary for an injury to be compensable. Id. at 277.
 {¶ 9} While the requirement that an injury be received in the course of employment does not limit compensable injuries to those incurred in the actual performance of work for the employer, an employee must be injured while *Page 5 
performing an activity in the service of the employer that is required by his or her employment. Ruckman v. Cubby Drilling, Inc. (1998),81 Ohio St.3d 117, 120. "An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." Id., citing Kohlmayer v. Keller (1970), 24 Ohio St.2d 10, 12. In making this determination, we consider the time, place, and circumstances surrounding the injury. Fisher, 49 Ohio St.3d at 277.
 {¶ 10} When the facts underlying a workers' compensation claim are undisputed, the question of whether an injury occurred in the course of employment is a matter of law. Talbott v. Conner (Feb. 27, 1987), 4th Dist. No. 386, at *3. In this case, Trooper Young and OSP agree with respect to the underlying facts, but disagree regarding whether those facts give rise to a compensable injury. This appeal, therefore, presents a question of law.
 {¶ 11} Trooper Young injured his knee during a game of five-on-five basketball at a YMCA. The game occurred on a Saturday morning, one of Trooper Young's regular days off, and he was neither in performance of his duties in the employ of the OSP nor required by his employment to be present at that location. Although Trooper Young was in uniform and behind the wheel of his cruiser when he arrived at the YMCA, these facts do not demonstrate that his basketball injury occurred in the course of his employment. To the contrary, it is undisputed that Trooper Young had just completed a one-hour special duty *Page 6 
security assignment for a private entity, to which OSP permitted him to report in uniform. Similarly, that Trooper Young's route home from the scene of the injury placed him unexpectedly in the center of a public domestic dispute does not transform his basketball injury into one occurring in the course of his employment. The fact that safety officers are on-duty at all times in the sense that they are required to respond to emergencies that may occur does not create round-the-clock workers' compensation coverage. See Kunze v. Columbus Police Dept. (1991),74 Ohio App.3d 742, 746.
 {¶ 12} OSP did not require Trooper Young to participate in the basketball game by virtue of his employment, and OSP's general fitness requirements do not establish a causal connection between employment and every injury that may occur to a trooper in the course of physical activity. While not legally determinative of compensability, we note that OSP has specifically disclaimed a connection between its fitness requirements and participation in competitive sports. We do not doubt that Trooper Young engaged in physical activity, at least in part, out of a desire to maintain his eligibility for employment. The fact that there is a remote causal connection that may be traced between an injury and the physical fitness requirements of an employer, however, is too tenuous to constitute a compensable workers' compensation claim. "[N]early all non-compensable injuries bear some fundamental causal relationship to an injured employee's employment; however, mere `cause in fact' is not dispositive of the `in the course *Page 7 
of' inquiry: the legal analysis is centered on the `nature and degree of the causal connection between the injury and the employment.'"Rantamaki v. Conrad, 11 Dist. No. 2005-A-0040, 2006-Ohio-1010, at ¶ 16, quoting Barber v. Buckeye Masonry Constr. Co., 146 Ohio App.3d 262,269. Trooper Young's assignment of error is overruled.
 {¶ 13} Trooper Young's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 8 
Costs taxed to Appellant.
 CARR, J. MOORE, J. CONCUR *Page 1