DECISION. *Page 2 
{¶ 1} Plaintiff-appellant, April D. Emmert, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, United Church Homes, Inc. ("United"), on Emmert's claim for benefits from the Ohio workers' compensation fund.
 {¶ 2} Emmert worked as a housekeeper at a nursing home operated by United. One afternoon, there was a Christmas party for the staff and residents. After the party, Emmert was cleaning up the dining room. She sat in a chair to pick up a piece of litter, and as she stood up, she felt a "pop" in her knee. She was later diagnosed with a knee strain and a torn meniscus.
 {¶ 3} It was undisputed that it was within the scope of Emmert's job duties to clean up after the party and that she was "on the clock" at the time of her injury.
 {¶ 4} The Ohio Industrial Commission denied Emmert's claim, and Emmert appealed that decision to the common pleas court. Emmert and United filed cross-motions for summary judgment, and the trial court granted summary judgment in favor of United.
 {¶ 5} In a single assignment of error, Emmert now argues that the trial court erred in granting United's motion for summary judgment and in denying her summary-judgment motion.
 {¶ 6} Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed *Page 3 
most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] This court reviews the granting of summary judgment de novo.[2]
 {¶ 7} An injury is compensable under R.C. 4123.01(C) only if it is sustained "in the course of, and arising out of" the claimant's employment. To determine whether there is a sufficient causal connection between a worker's injury and her employment to justify participation in the worker's compensation fund, a court must consider the totality of the circumstances surrounding the injury, including (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the employee's presence at the scene of the accident.[3] The phrase "in the course of, and arising out of is to be liberally construed in favor of awarding benefits.[4]
 {¶ 8} In this case, the totality of the circumstances established that Emmert's injury was sustained "in the course of, and arising out of her employment with United. Emmert's fall occurred at the scene of her employment in a place over which United had complete control. United received a direct benefit from Emmert's presence at the scene of the accident, because Emmert was performing her assigned duties when the injury occurred.
 {¶ 9} In granting United's motion for summary judgment, the trial court relied heavily on the decision of the Eleventh Appellate District in Dailey v. AutoZone.[5] In Dailey, a cashier felt a sharp pain in his back as he was turning to *Page 4 
show a receipt to his manager.[6] The court held that the back sprain was not compensable because it arose from a "normal movement that could easily have occurred at home, or any other place other than work. It was not specifically associated with his work nor could it be considered a hazard of working at AutoZone."[7]
 {¶ 10} The case at bar is distinguishable from Dailey. Whereas the employee's act of turning to talk to his manager was merely incidental to his job duties, Emmert's bending down to pick up litter or debris was the very essence of her job as a housekeeper. That she could have sustained the injury at home or elsewhere was immaterial in light of the uncontroverted evidence that the performance of her job duties had directly led to her injuries.
 {¶ 11} An employer is not an insurer of its employees.[8] But bearing in mind that the workers' compensation statutes are to be liberally construed, we hold, on the specific facts presented in this case, that Emmert was entitled to participate in the fund.
 {¶ 12} The assignment of error is sustained. We reverse the judgment of the trial court and hereby enter final judgment ordering that Emmert be entitled to participate in the workers' compensation fund.
SUNDERMANN, P.J., concurs.
DINKELACKER, J., dissents.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, at ¶ 6.
[3] Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277,551 N.E.2d 1271, citing Lord v. Daugherty (1981), 66 Ohio St.2d 441, 423 N.E.2d 96, syllabus.
[4] R.C. 4123.95; Fisher, supra, at 278, 551 N.E.2d 1271.
[5] (Sept. 29, 2000), 11th Dist. No. 99-T-0146.
[6] Id.
[7] Id.
[8] See, e.g., Phelps v. Positive Action Tool Co. (1986),26 Ohio St.3d 142, 144, 497 N.E.2d 969.