[Cite as *Aho v. RTI Internatl. Metals, Inc.*, 2017-Ohio-2803.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| WALTER AHO, | : | **O P I N I O N** |
| Appellant, | : | |
| | | **CASE NOS. 2016-T-0080** |
| - vs - | : | **2016-T-0082** |
| RTI INTERNATIONAL METALS, INC., et al., | : | |
| | : | |
| Appellee. | | |

Civil appeals from the Trumbull County Court of Common Pleas.
Case Nos. 2015 CV 01488 and 2016 CV 00131.

Judgment: Reversed and remanded.


*Irene K. Makridis*, 155 South Park Avenue, Suite 160, Warren, OH  44481 (For Appellant).

*C. Scott Lanz* and *Adam V. Buente*, Manchester Newman & Bennett, The Commerce Building, Atrium Level Two, 201 East Commerce Street, Youngstown, OH  44503-1641 (For Appellee).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Walter D. Aho, appeals the judgment of the Trumbull County Court of Common Pleas, which granted summary judgment in favor of appellee, RTI International Metals, Inc. ("RTI").  For the following reasons, the trial court's judgment is reversed, and the case is remanded for further proceedings.

{¶2} Mr. Aho suffered a knee injury while climbing the stairs at work on the premises of his employer, RTI. The Industrial Commission allowed Mr. Aho to participate in the worker's compensation fund, first on a claim for a "strain/sprain right knee" and subsequently on a claim for a "medial meniscus tear of the right knee," for which Mr. Aho underwent surgery and physical therapy. RTI appealed the allowance of both claims to the Trumbull County Court of Common Pleas, and the cases were consolidated.

{¶3} RTI took Mr. Aho's deposition. RTI moved for summary judgment, arguing there was no causal connection between Mr. Aho's injury and his employment. Mr. Aho took the deposition of his surgeon, Dr. Thomas Jones, but it was not filed until after Mr. Aho responded to the motion for summary judgment and after the trial court granted summary judgment in favor of RTI. The trial court found Mr. Aho's injury did not arise out of his employment with RTI and reversed the Industrial Commission's decisions.

{¶4} Mr. Aho filed a timely notice of appeal and assigns one error for our review:

{¶5} "The trial court committed error in granting appellee's motion for summary judgment based upon the conclusion that appellant was not injured in the course of and out [of] his employment with appellee."

{¶6} Mr. Aho argues the trial court erred in determining on summary judgment that he did not suffer a compensable workplace injury as defined by R.C. 4123.01.

**Summary Judgment Standard**

{¶7} "While summary judgment is a beneficial procedure aiding in the swift administration of justice, it must also 'be used cautiously and with the utmost care so

2

that litigant's right to a trial * * * is not usurped in the presence of conflicting facts and inferences.'" *Fifth Third Mtge Co. v. Perry*, 4th Dist. Pickaway No. 12CA13, 2013-Ohio-3308, ¶35, quoting *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 14-15 (6th Dist.1983). "[T]he trial court may not weigh the evidence or select among reasonable inferences. * * * Rather, all doubts and questions must be resolved in the non-moving party's favor." *McCarthy v. Lordstown*, 11th Dist. Trumbull No. 2014-T-0050, 2015-Ohio-955, ¶7 (citations omitted).

{¶8} Summary judgment is, therefore, only proper when

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶9} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. *Id.* If the moving party satisfies this burden, the nonmoving party then has the burden to provide evidence demonstrating a genuine issue of material fact. *Id.* at 293, citing Civ.R. 56(E).

{¶10} "Civ.R. 56(C) provides the *exclusive* list of documentary evidence to support a summary judgment motion: affidavits, deposition, answers to interrogatories,

3

written admissions, transcripts of evidence in the pending case, and written stipulations. No other evidence may be considered." *Drawl v. Cornicelli*, 124 Ohio App.3d 562, 569 (11th Dist.1997) (emphasis sic), citing Civ.R. 56(C); *see also Rilley v. Brimfield Twp.*, 11th Dist. Portage No. 2009-P-0036, 2010-Ohio-5181, ¶61. "Other documentary evidence may be admitted; however, the appropriate method to introduce this evidence is by way of an affidavit that complies with Civ.R. 56(E)." *Id.*, citing *Martin v. Cent. Ohio Trans. Auth.*, 70 Ohio App.3d 83, 89 (10th Dist.1990).

{¶11} On appeal, we review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination." *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996); *see also Conley-Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (6th Dist.1998) (holding the de novo standard applies to common pleas rulings from an appeal of an Industrial Commission's decision).

**Review of the Record**

{¶12} On appeal, Mr. Aho asserts, "[t]he record in this case contains ample facts that show that appellant injured his right knee at the appellee's titanium melt shop on February 10, 2015, [and] that appellant was injured while doing his regular work for appellee." RTI responds that Mr. Aho is relying on evidence not properly before the trial court at the time summary judgment was entered and that the injury is not compensable merely because it happened at the workplace.

4

**{¶13}** On June 6, 2016, RTI filed its motion for summary judgment, arguing no genuine issue of fact exists as to whether Mr. Aho's injury is compensable. RTI relied on Mr. Aho's deposition, which was properly filed that same day.

**{¶14}** On June 24, 2016, Mr. Aho filed his memorandum contra to the motion for summary judgment, arguing genuine issues of fact exist regarding the compensability of his injury. Mr. Aho attached the following to his memorandum contra: (a) the intake report by the nurse at WorkMed, RTI's own medical provider, where Mr. Aho was immediately taken for treatment; (b) the physician's report dictated by Dr. Stephen Dubos at WorkMed; and (c) the physician's report submitted by Dr. Dubos to the Ohio Bureau of Worker's Compensation.

**{¶15}** On July 15, 2016, RTI filed a reply to Mr. Aho's memorandum contra, in which it argued Mr. Aho did not demonstrate a genuine issue of material fact because the medical records attached to his memorandum contra contained hearsay and were not properly authenticated. Pursuant to Civ.R. 56(E), RTI asserted, the trial court could not consider these documents.

**{¶16}** On July 20, 2016, Mr. Aho filed a response to RTI's reply, in which he argued the medical records could be considered by the trial court because they were included as exhibits to the deposition of Dr. Thomas Jones. Mr. Aho stated the deposition of Dr. Jones was taken on June 15, 2016; "Defense counsel attended Dr. Jones deposition, reviewed these exhibits and fully cross-examined Dr. Jones"; but the transcript would not be completed until July 22, 2016. Mr. Aho asserted RTI's reply would be rendered moot upon proper filing of the exhibits with the deposition. Mr. Aho also requested "that the Court delay ruling on Defendant Employer's motion for

5

summary judgment until Plaintiff's formal filing of transcript of the deposition of Dr. Thomas Jones."

{¶17} On July 22, 2016, the trial court granted summary judgment in favor of RTI in an entry that had been signed on July 20, 2016, the same day Mr. Aho's response was filed with the request for delay.

{¶18} On July 25, 2016, Dr. Jones' deposition was properly filed. On that same day, RTI also filed a sur-reply to Mr. Aho's response, in which it stated the following:

> The transcript of Dr. Jones will demonstrate that Defendant objected to the use of these exhibits during Plaintiff's counsel's examination of Dr. Jones for the same reason that Defendant objects to the use of these documents as evidence in connection with Defendant's Motion for Summary Judgment – namely, that the documents are hearsay and not admissible. The documents are not medical records that were prepared or authored by Dr. Jones and properly authenticated by Dr. Jones in his deposition, but are instead medical records from a completely different medical facility and doctor, Austintown Work-Med and Dr. Dubos. The records have not been properly authenticated, and the information contained within the records is hearsay.

{¶19} We agree with RTI that the trial court could not consider the documents attached to Mr. Aho's memorandum contra. Regardless of whether the documents contain hearsay, they were not properly authenticated or incorporated by way of an affidavit that complies with Civ.R. 56(E). Additionally, the deposition of Dr. Jones had not yet been filed. Mr. Aho, in his memorandum contra, requested the trial court to delay its ruling but did not move for an extension of time to respond to the summary judgment motion, as provided for in Civ.R. 56(F). The trial court's decision not to delay its ruling has not been assigned as error on appeal. As a result, we can only consider the pleadings and the transcript of Mr. Aho's deposition in determining whether summary judgment should have been denied.

6

**Compensable Workplace Injury**

**{¶20}** "'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Therefore, "[a]n injury sustained by an employee is compensable under the Workers' Compensation Act only if it was 'received in the course of, and arising out of, the injured employee's employment.'" *Bralley v. Daugherty*, 61 Ohio St.2d 302, 303 (1980), quoting R.C. 4123.01(C) (citations omitted); *see also Fisher v. Mayfield*, 49 Ohio St.3d 275, 277 (1990) (recognizing both elements must be met). Here, there is no dispute that the injury occurred in the course of Mr. Aho's employment. The dispute in this case centers on whether Mr. Aho's injury arose out of his employment.

**{¶21}** The test for "arising out of" employment is not whether there was any fault or neglect on the part of the employer or its employees. *Lord v. Daugherty*, 66 Ohio St.2d 441, 444 (1981), citing *Indus. Comm. v. Weigandt*, 102 Ohio St. 1 (1921); *Indus. Comm. v. Gintert*, 128 Ohio St. 129 (1934); *Fox v. Schiele*, 162 Ohio St. 569 (1955). The test is, rather, "whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment." *Bralley*, *supra*, at 303, citing *Weigandt*, *Gintert*, and *Schiele*, *supra*. Whether a "causal connection" exists "depends on the totality of the facts and circumstances surrounding the accident, *including*, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Lord*, *supra*, at syllabus (emphasis

7

added).  An injury may be compensable "irrespective of the presence or absence of a special hazard thereon which is distinctive in nature or quantitatively greater than hazards encountered by the public at large."  *Griffin v. Hydra-Matic Div., Gen. Motors Corp.*, 39 Ohio St.3d 79 (1988), syllabus.

{¶22}  Because worker's compensation cases are very fact specific, "no one test or analysis can be said to apply to each and every factual possibility.  Nor can only one factor be considered controlling.  Rather, a flexible and analytically sound approach to these cases is preferable.  Otherwise, the application of hard and fast rules can lead to unsound and unfair results."  *Fisher*, *supra*, at 280.  Additionally, worker's compensation statutes are to be liberally construed in favor of the employee and in favor of awarding benefits.  *Id.* at 278 (citation omitted).

{¶23}  "An injury caused by an unexplained slip or fall presents a unique case under the workers' compensation laws."  *Waller v. Mayfield*, 37 Ohio St.3d 118, 122 (1988).

> 'All risks causing injury to a claimant can be brought within three categories: risks distinctly associated with the employment, risks personal to the claimant, and "neutral" risks—i.e., risks having no particular employment or personal character.  Harms from the first are universally compensable.  Those from the second are universally noncompensable.  It is within the third category that most controversy in modern compensation law occurs.'

*Id.*, quoting 1 Larson, *The Law of Workmen's Compensation*, Section 7.00, at 3-12 (1985).

{¶24}  Thus, under circumstances "where it may be shown that the unexplained fall results from a neutral origin," and idiopathic causes have been eliminated, an inference arises that the fall is traceable "to some ordinary risk, albeit unidentified, to

8

which the employee was exposed on the employment premises." *Id.* at 124. The claimant carries the ultimate burden to eliminate idiopathic causes (i.e., unique to the claimant) for an unexplained fall. *Id.* at 125. Nevertheless, in the summary judgment exercise, the moving party must initially demonstrate that there is no genuine issue of material fact in that regard. *Stewart v. B.F. Goodrich Co.*, 89 Ohio App.3d 35, 42 (4th Dist.1993).

**Trial Court's Ruling**

{¶25} Here, the trial court stated the following in its entry granting summary judgment:

> It is unfortunate that Aho sustained this injury. However, the fact that the injury was sustained at work performing a normal activity of daily life does not mean it is a compensable injury under workers' compensation. There was no direct benefit to the employer of Aho traversing the stairs consummate with his injury. This activity, much like that in *Dailey*, was a normal movement.

{¶26} In *Dailey v. Autozone, Inc.*, 11th Dist. Trumbull No. 99-T-0146, 2000 WL 1459708 (Sept. 29, 2000), the claimant, a cashier, was either walking or turning slightly to hand off a paper receipt when he first experienced a pain in his back. *Id.* at *3. The only evidence before the trial court on the issue of whether the claimant's injury "arose out of" his employment came from the claimant's treating physician who was of the opinion that the injury was *not* compensable as a worker's compensation injury. *Id.* The claimant's request to participate in the worker's compensation fund was denied by the Industrial Commission. *Id.* at *1. This court held the claimant's workplace injury was not compensable because it "was a normal movement that could easily have occurred at home, or any other place other than work. It was not specifically associated with his work nor could it be considered a hazard of working at AutoZone." *Id.* at *3.

9

**{¶27}** We do not find this case to be determinative of Mr. Aho's claim. First, unlike *Dailey*, Mr. Aho's claims were allowed by the Industrial Commission. Second, unlike *Dailey*, we do not have an opinion from Mr. Aho's treating physician that his injury is not compensable. Third, although climbing stairs is a normal movement that Mr. Aho would engage in other than at work, similar to *Dailey*, climbing this particular unlit staircase is only associated with Mr. Aho performing a necessary function of his job duties, unlike *Dailey*. Mr. Aho testified in his deposition that the injury to his knee occurred when he was climbing a staircase at work. RTI emphasizes that Mr. Aho did not slip, fall, or trip when he was climbing the staircase. Mr. Aho did repeatedly testify, however, to the following: it "felt like my foot didn't hit the stair tread correctly"; his "foot felt awkward on that stair tread"; "I don't know how my foot hit the stair tread. Something wasn't right"; his "foot hit the stair tread, and it felt awkward"; "I almost fell down. But thank God there was a steel railing on both sides"; and "when I felt and heard the loud pop in my right knee, I grabbed onto the railing with the travel card in my hand, and that's how I got the rest of the way up the steps." He additionally testified that the lights were out in the stairwell, and the emergency light was not working. He stated: "I don't know if there was something on the step that made my foot not hit it right, or if it just popped and happened. I don't know. Because the lights were out. It was a very dark area." And he stated: "All I know is that the lights were out, and there may have been something on the step."

**{¶28}** Further, "other courts have eschewed the reasoning of *Dailey* where an activity, event, or condition of employment is a precipitating or contributing factor in the claimant's injury." *Luettke v. Autoneum N. Am., Inc.*, 6th Dist. Lucas No. L-14-1236,

10

2015-Ohio-3210, *12 (adopting the trial court's decision in Appendix A as its own), citing *Bahr v. Progressive Cas. Ins. Co.*, 8th Dist. Cuyahoga No. 92620, 2009-Ohio-6641 (claimant twisted her knee and tore her ACL while turning to walk away after engaging in an employment-related physical activity); and *Emmert v. Mabe*, 1st Dist. Hamilton No. C-070315, 2008-Ohio-1844, ¶10 (claimant-housekeeper tore the meniscus in her knee when bending over to pick up trash: "That she could have sustained the injury at home or elsewhere was immaterial in light of the uncontroverted evidence that the performance of her job duties had directly led to her injuries.").

{¶29} Additionally, RTI did not argue in its motion for summary judgment that Mr. Aho's unexplained injury was idiopathic, thus Mr. Aho did not have a burden to demonstrate a factual issue in that regard to survive summary judgment. Because Mr. Aho could not identify the origin of his knee injury, other than his foot hit the stair tread "awkwardly," an inference arises that it is traceable to some ordinary, yet unidentified, risk, to which Mr. Aho was exposed on RTI's premises. This is further bolstered by Mr. Aho's testimony that the stairwell was unlit at the time of his injury.

{¶30} Finally, we do not agree with the trial court that RTI did not receive a direct benefit from Mr. Aho climbing that staircase, and counsel for appellees conceded this fact at oral argument. Mr. Aho testified that it was necessary for him to climb those stairs to take a "travel card" from the floor to the furnace operator on the "pulpit," which is one of his job duties at RTI. He explained why he was climbing the stairs at the time of his injury:

> Well, we were out on the floor working the furnaces. And I was the bolt man that day, so my job is to tear the furnaces down and put them back together. And then when I get a furnace done, I'm to take the travel card to the furnace operator on the pulpit. There is

approximately 13 steps that I have to go up and hand him the travel card. * * * On the second or third step, I felt a loud, I felt a hard and loud pop, a very painful pop in my right knee. It's like I heard and felt it at the same time, or I felt and heard it all at the split second, just like bam. I hobbled the rest of the way up the steps. I handed [a co-worker] the travel card.

{¶31} RTI did not meet its initial summary judgment burden to demonstrate the absence of any genuine issues of material fact. It did not establish that reasonable minds could only reach the conclusion that Mr. Aho's injury did not arise out of his employment. In other words, considering the record at the time summary judgment was entered, whether Mr. Aho's knee injury arose out of his employment cannot be decided in favor of RTI as a matter of law. The trial court's decision to grant summary judgment in favor of RTI was in error.

{¶32} Mr. Aho's assignment of error is with merit.

{¶33} The judgment of the Trumbull County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

12