[Cite as *Vega v. Grafton Corr. Inst.*, 2024-Ohio-4620.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

NANCY A. VEGA

    Appellee

    v.

GRAFTON CORRECTIONAL
FACILITY/GRAFTON CORRECTIONAL
INSTITUTION

    Appellant

    and

ADMINISTRATOR, BUREAU OF
WORKERS' COMPENSATION

    Defendant

C.A. No.    23CA012068

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    22-CV-207601

DECISION AND JOURNAL ENTRY

Dated: September 23, 2024

HENSAL, Judge.

{¶1} Appellant, Grafton Correctional Institution ("Grafton"), appeals an order of the Lorain County Court of Common Pleas that granted summary judgment to Nancy Vega and determined that she was entitled to participate in the workers' compensation system. This Court reverses.

I.

{¶2} Ms. Vega is employed at Grafton as a case manager. In April 2022, she worked day shift in the Hope Center, which is the programming center for inmates housed in an area of

Grafton known as the camp. In that capacity, she was the contact person for outside volunteers and agencies who provided inmate programming. On April 26, 2022, Ms. Vega noticed that an inmate had corresponded with an outside volunteer by email. Concerned that the direct contact by the inmate might be inappropriate, Ms. Vega printed out the email and walked down the hall toward the reentry room, which she had to pass through to get to a copier that had scanning capabilities. Ms. Vega was wearing tennis shoes and walking quickly when "[her] foot gripped the floor, and [she] lost [her] balance." She fell into a wall, sustaining injuries as a result. She denied that there were any defects in the floor itself or any substances on the floor that contributed to her fall.

{¶3} Ms. Vega sought workers' compensation for her injuries, but the claim was denied. When she appealed, a district hearing officer allowed the claim. Grafton appealed, and a staff hearing officer denied Ms. Vega's claim again. The Industrial Commission declined further review. On December 5, 2022, Ms. Vega appealed to the Lorain County Court of Common Pleas and filed a petition asserting her right to participate in the workers' compensation fund under Revised Code Section 4123.512(D). The parties stipulated that the only issues to be decided were whether the injury arose out of Ms. Vega's employment and whether her injuries were compensable. Both moved for summary judgment. Ms. Vega asserted that because her injuries were unexplained and there were no idiopathic causes, it could be inferred that her injuries arose from an ordinary risk to which she was exposed on Grafton's premises. Grafton maintained that this analysis did not apply and, instead, that Ms. Vega was required to demonstrate that she was subjected to a hazard incident to her employment.

{¶4} The trial court granted summary judgment to Ms. Vega, concluding that "[b]y performing her job duties, [she] was working for the benefit of her employer. As such, there is a

causal connection between [her] employment and the injury." Grafton appealed, asserting two assignments of error.

## II.

## ASSIGNMENT OF ERROR I

VEGA'S INJURIES DID NOT "ARISE OUT OF" HER EMPLOYMENT WITH GRAFTON CORRECTIONAL FACILITY/GRAFTON CORRECTIONAL INSTITUTION.

{¶5}    Grafton's first assignment of error is that the trial court erred by granting summary judgment to Ms. Vega because her injuries did not "aris[e] out of . . . [her] employment" as required by Section 4123.01(C).  This Court agrees that summary judgment should not have been granted because the trial court applied the wrong standard for considering causation in this case.

{¶6}    This Court reviews an order granting summary judgment de novo. *State ex rel. Internatl. Assn. of Fire Fighters v. Sakacs*, 2023-Ohio-2976, ¶ 15.  Under Civil Rule 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10.  In this case, the parties agree that there are no issues of fact and Ms. Vega's injuries occurred in the course of her employment.  The question before this Court is one of law: whether Ms. Vega's injuries "aris[e] out of . . . [her] employment" for purposes of Section 4123.01(C).

{¶7}    An "injury," for purposes of worker's compensation, is "any injury, whether caused by external accidental means or accidental in character and result, received *in the course of, and arising out of*, the injured employee's employment."  (Emphasis added.)  R.C. 4123.01(C).  Worker's compensation can only be allowed when both elements are present.  *Fisher v. Mayfield*,

49 Ohio St.3d 275, 277 (1990). "The 'in the course of' prong is construed to relate to the time, place and circumstances of the injury, while the 'arising out of' prong is interpreted as referring to a causal connection between the employment and the injury." *Id*. To determine whether an injury arises out of employment, courts must consider the totality of the circumstances, including "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Id.*, quoting *Lord v. Daugherty*, 66 Ohio St.2d 441 (1981), syllabus. These factors are not exhaustive. *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 122 (1998).

{¶8} The Supreme Court of Ohio has addressed specific categories of injury that further explain causation under the "arising out of" element of Section 4123.01(C). When a fixed-situs employee is injured while traveling to or from the place of employment, "such injury does not evidence the required causal connection to the employment. . . ." *Littlefield v. Pillsbury Co.*, 6 Ohio St.3d 389, 391 (1983), quoting *Bralley v. Daugherty*, 61 Ohio St.2d 302, 303-304 (1980). If the employee's injuries are sustained because of a special hazard created by the employment, however, the injuries are compensable even if the injury occurred off the employer's premises. *Id*. at paragraph one of the syllabus. The special-hazard rule applies when the injured employee would not have been at the location of the injury "'but for' the employment," and "the risk is distinctive in nature or quantitatively greater than the risk common to the public." *Id*. at paragraph two of the syllabus. *See also MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 69 (1991) (reaffirming the legal principles explained in *Littlefield* but concluding that the principles were applied incorrectly in that case).

{¶9} An injury sustained on the employer's premises presents a different scenario:

An injury sustained by an employee upon the premises of her employer arising during the course of employment is compensable pursuant to R.C. Chapter 4123 irrespective of the presence or absence of a special hazard thereon which is distinctive in nature or quantitatively greater than hazards encountered by the public at large.

*Griffin v. Hydra-Matic Div., Gen. Motors Corp.*, 39 Ohio St.3d 79 (1988), syllabus. Clarifying that the special-hazard rule does not apply to injuries that occur on an employer's premises, the Supreme Court explained that "the existence or absence of a special hazard on the employment premises is wholly irrelevant to the analysis of an on-site injury" because "a hazard on the employment premises is by definition unique to its situs." *Id*. at 81. *See also Ruckman* at 123.

{¶10} Grafton acknowledges that the special-hazard rule applies only to accidents that occur off the employer's premises but, based on older cases, suggests that a "hazard" or "risk associated with her employment" is still required to demonstrate that Ms. Vega's injuries arose out of her employment. This analysis has been rejected, however. *Grimes v. Mayfield*, 56 Ohio App.3d 4, 6-8 (5th Dist. 1989), citing *Waller v. Mayfield*, 37 Ohio St.3d 118, 125 (1988). Instead, the appropriate consideration is whether Ms. Vega's injury was caused by an "unexplained slip or fall." *Waller* at 122. These are "unique case[s]," and

where it may be shown that the unexplained fall results from a neutral origin, and recognizing the mandate that workers' compensation statutes be liberally construed in favor of the injured employee . . . an inference will arise finding the fall to be traceable to some ordinary risk, albeit unidentified, to which the employee was exposed on the employment premises.

*Id*. at 124. These "neutral risks" are distinguishable from risks that are distinctly associated with employment and, at the other extreme, from those that are idiopathic. *Id*. at 122, quoting 1 Larson, *The Law of Workmen's Compensation*, § 7.00, 3-12 (1985). The injured worker bears the burden of eliminating idiopathic causes for the injury, and once the claimant has done so, "an inference

arises that the fall is traceable to some ordinary risk, albeit unidentified, to which the employee was exposed on the employment premises." *Id.* at paragraphs two and three of the syllabus.

{¶11} The trial court granted summary judgment to Ms. Vega based solely on the application of the three nonexclusive factors articulated in *Lord*, 66 Ohio St.2d 441 at syllabus. The appropriate analysis, however, was for the trial court to apply the standard set forth in *Waller*. *See Waller* at 122-125. Although Grafton has urged this Court to address these issues, this Court will not do so in the first instance. *See McCormick v. McCormick*, 2022-Ohio-3543, ¶ 10 (9th Dist.). Grafton's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DETERMINED THE EXTENT OF VEGA'S INJURIES.

{¶12} Grafton's second assignment of error argues that the trial court erred by determining the extent of her allowable injuries contrary to the parties' stipulations. Given this Court's resolution of Grafton's first assignment of error, the second assignment of error is premature.

## III.

{¶13} Grafton's first assignment of error is sustained. The second assignment of error is premature. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

THOMAS M. SAXER, Attorney at Law, for Appellant.

CHRISTOPHER G. WINCEK, Attorney at Law, for Appellee.

CHRISTOPHER GRAY, Assistant Attorney General, for Defendant.