[Cite as *Vega v. Granton Corr. Facility*, 2026-Ohio-1224.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

NANCY A. VEGA

    Appellee

    v.

GRAFTON CORRECTIONAL
FACILITY/GRAFTON CORRECTIONAL
INSTITUTION, et al.

    Appellants

C.A. Nos.     25CA012240
                25CA012247

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    22-CV-207601

DECISION AND JOURNAL ENTRY

Dated: April 6, 2026

---

HENSAL, Judge.

{¶1} The Bureau of Workers' Compensation ("BWC") and Grafton Correctional Institution "Grafton" appeal an order of the Lorain County Court of Common Pleas that granted summary judgment to Nancy Vega and determined that she was entitled to participate in the workers' compensation system. This Court affirms.

I.

{¶2} While Ms. Vega was employed by Grafton, she fell walking from one room to another to access a machine on which she intended to scan a document. According to Ms. Vega, "[her] foot gripped the floor, and [she] lost [her] balance." She fell into the wall, and she injured her shoulder as a result. At the time of her fall, Ms. Vega was wearing tennis shoes and walking quickly. Ms. Vega did not identify any defects in the floor or any substances on the surface that contributed to her fall. She sought workers' compensation for her shoulder injury. Although the

claim was initially denied, it was allowed as the result of an administrative appeal. Grafton appealed that determination to a staff hearing officer, and Ms. Vega's claim was denied. The Industrial Commission declined further review.

{¶3} Ms. Vega filed an appeal with the Lorain County Court of Common Pleas and a petition asserting her right to participate in the workers' compensation fund under Revised Code Section 4123.512(D). The parties entered into stipulations to narrow the issues before the trial court, stipulating that the only issues before the trial court were whether Ms. Vega's injury arose out of her employment and whether her injury was compensable. Ms. Vega and Grafton filed motions for summary judgment, but the BWC did not participate in the summary judgment briefing. The trial court granted summary judgment to Ms. Vega. In doing so, the trial court concluded that "[b]y performing her job duties, [she] was working for the benefit of her employer. As such, there is a causal connection between [her] employment and the injury."

{¶4} Grafton appealed. This Court rejected Grafton's suggestion that "a 'hazard' or 'risk associated with her employment' is . . . required to demonstrate that Ms. Vega's injuries arose out of her employment." *Vega v. Grafton Corr. Inst.*, 2024-Ohio-4620, ¶ 10 (9th Dist.). Instead, this Court concluded that "the appropriate consideration is whether Ms. Vega's injury was caused by an 'unexplained slip or fall'" as explained in *Waller v. Mayfield*, 37 Ohio St.3d 118, 125 (1988). *Vega* at ¶ 10, quoting *Waller* at 122. This Court reversed, concluding that "[t]he appropriate analysis . . . was for the trial court to apply the standard set forth in *Waller*" and declining to do so in the first instance. *Vega* at ¶ 11.

{¶5} On remand, the trial court permitted the parties to supplement their summary judgment briefs. The trial court noted that it is undisputed "that a cause-in-fact of the fall cannot be directly established," and concluded there was no genuine issue of material fact related to the

question of whether Ms. Vega's fall was unexplained. The trial court concluded that Ms. Vega had met her burden of demonstrating that her fall was not caused by idiopathic causes, noted that "there was no countervailing evidence . . . to rebut the inference that [her] injuries arose out of her employment," and granted summary judgment to Ms. Vega again. Grafton and the BWC appealed.

II.

### GRAFTON'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN THE APPLICATION OF WALLER VS. MAYFIELD (1988), 37 OHIO ST. 3d 118 TO THE CASE AT BAR.

{¶6} Grafton's first assignment of error argues that the trial court erred by granting summary judgment to Ms. Vega. Specifically, Grafton argues that the trial court erred by concluding that Ms. Vega was entitled to summary judgment as a matter of law because her injury was not unexplained. This Court does not agree.

{¶7} This Court reviews an order granting summary judgment de novo. *State ex rel. Internatl. Assn. of Fire Fighters v. Sakacs*, 2023-Ohio-2976, ¶ 15. Under Civil Rule 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10. In this case, as in the first appeal, Grafton and Ms. Vega agree that there are no issues of fact and that Ms. Vega's injuries occurred in the course of her employment. The question before this Court again is whether Ms. Vega's injuries "aris[e] out of . . . [her] employment" for purposes of Section 4123.01(C).

{¶8} This Court previously explained that "[a]n 'injury,' for purposes of worker's compensation, is 'any injury, whether caused by external accidental means or accidental in character and result, received *in the course of, and arising out of*, the injured employee's

employment.'" (Emphasis in original.) *Vega*, 2024-Ohio-4620 at ¶ 7 (quoting R.C. 4123.01(C)).

We also noted:

> Worker's compensation can only be allowed when both elements are present. *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277 (1990). "The 'in the course of' prong is construed to relate to the time, place and circumstances of the injury, while the 'arising out of' prong is interpreted as referring to a causal connection between the employment and the injury." *Id.* To determine whether an injury arises out of employment, courts must consider the totality of the circumstances, including "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Id.*, quoting *Lord v. Daugherty*, 66 Ohio St.2d 441 (1981), syllabus. These factors are not exhaustive. *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 122 (1998).

*Id.* An employee who is injured on the employer's premises does not need to demonstrate the presence of a "special hazard thereon which is distinctive in nature or quantitatively greater than hazards encountered by the public at large." *Griffin v. Hydra-Matic Div., Gen. Motors Corp.*, 39 Ohio St.3d 79 (1988), syllabus.

{¶9} Similarly, an injured employee need not demonstrate that the employer is at fault in connection with the injury:

> "The test of the right to participate in the Workers' Compensation Fund *is not whether there was any fault or neglect on the part of the employer or his employees*, but whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment." *Bralley v. Daugherty*, 61 Ohio St.2d 302, 303 (1980), citing *Indus. Comm. v. Weigandt*, 102 Ohio St. 1 (1921); *Indus. Comm. v. Gintert* (1934), 128 Ohio St. 129; *Fox & Schiele v. Indus. Comm.*, 162 Ohio St. 569 (1955). Thus, there must be some causal connection between the employment and the injury. However, if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected. As discussed above, compensability is not dependent upon negligence or fault on the part of the employer.

(Emphasis omitted.) *Waller*, 37 Ohio St.3d at 122. "Unexplained" falls, however, "present[] a unique case under the workers' compensation laws." *Id*. Such cases involve "neutral risks," which are neither associated distinctly with the employment nor personal to the claimant. *Id.* at 122-123.

{¶10}  This appeal presents a threshold issue in applying the analysis set forth in *Waller*: when a fall is "unexplained". In *Waller*, the employer obtained a directed verdict after the employee presented his case-in-chief. *Id*. at 119. On appeal, the court of appeals reversed the judgment granting a directed verdict to the employer and reinstated an earlier administrative judgment in favor of the claimant. The Supreme Court concluded that it was error for the court of appeals to enter judgment in favor of the claimant without permitting the employer to present evidence at trial. *Waller*, 37 Ohio St.3d at 120.

{¶11}  Having reached that decision, however, the Supreme Court turned to the question of whether the trial court erred by granting the employer's motion for a directed verdict. *Id*. The Supreme Court emphasized that when an idiopathic cause is identified, an injury that results from a fall is not ordinarily compensable unless "the employment significantly contributed to the injury by placing the employee in a position which increased the dangerous effects of the fall . . . ." *Id*. at 123. When an "unexplained fall" results from a "neutral origin," however, "an inference will arise finding the fall to be traceable to some ordinary risk, albeit unidentified, to which the employee was exposed on the employment premises." *Id.* at 124. In those cases, the burden of eliminating idiopathic causes falls to the claimant. *Id*. at 125. Once that burden has been met, "an inference arises that the fall was traceable to some ordinary risk, albeit unidentified, to which the employee was exposed on the employment premises." *Id*. In other words, "The inference is reasonable that the fall was caused by the employment environment once claimant meets his

burden of eliminating idiopathic causes and there is no evidence that any force or condition independent of the employment caused the fall." *Id.*

**{¶12}** In conclusion, the Supreme Court explained that "[w]here the course of employment test is fully met, where cause-in-fact cannot be directly established, and where the claimant has met [the] burden of eliminating idiopathic causes, we interpret the Workers' Compensation Act to allow the inference that [an] unexplained fall arose out of the employment." *Id*. at 125. The Supreme Court defined "idiopathic" causes as those "peculiar to the individual[,]" and, in the context of workers' compensation, "an employee's preexisting physical weakness or disease which contributes to the accident." *Id*. at 121 fn. 3. In light of this analysis, the Supreme Court concluded that a directed verdict was not warranted and "[f]urther development of the evidence by both parties [was] necessary." *Id*. at 125.

**{¶13}** The term "unexplained fall" is a term of art. In *Waller*, the claimant fell as he descended a flight of stairs on his employer's premises and sustained an injury to his back. *Id*. at 119. According to the claimant, his leg "slipped or buckled" as he descended the stairs. *Waller v. Mayfield*, 1987 WL 5302, *2 (8th Dist. Jan. 8, 1987) (Krupansky, J., dissenting). The Supreme Court, as explained above, characterized the case as one involving an unexplained fall. *Waller*, 37 Ohio St.3d at 125. Courts have since employed the unexplained-fall analysis in similar situations. *See Aho v. RTI Internatl. Metals, Inc.*, 2017-Ohio-2803, ¶ 27 (11th Dist.) (claimant fell while ascending a staircase, noting that after it felt like his foot did not hit a stair tread correctly, he "felt and heard [a] loud pop in [his] right knee . . . ."); *Chappell v. Wal-Mart Stores, Inc.*, 2009-Ohio-542, ¶ 19 (claimant "fainted and fell to the floor as she was making her way to the restroom after feeling ill for approximately an hour and fifteen minutes."); *Stewart v. B.F. Goodrich Co.*, 89 Ohio

App.3d 35, 43 (4th Dist. 1993) (claimant experienced an unexplained loss of consciousness that led to a fall).

{¶14} Ms. Vega explained that she was walking quickly when "[her] foot gripped the floor, and [she] lost [her] balance." As illustrated by *Waller* and the cases noted above, this scenario is consistent with the Supreme Court's explanation of an "unexplained fall" for purposes of workers' compensation: it arose from a neutral risk which had "no particular employment or personal character." *Waller*, 37 Ohio St.3d at 122. Consequently, Ms. Vega bore the burden of eliminating idiopathic causes for the fall. *Id*. at paragraph two of the syllabus. In the absence of such causes, "an inference [arose] that the fall [was] traceable to some ordinary risk, albeit unidentified, to which [Ms. Vega] was exposed on the employment premises." *Id.* at paragraph three of the syllabus.

{¶15} The trial court, therefore, did not err by concluding that Ms. Vega's injury resulted from an unexplained fall. Grafton has not argued that the trial court erred in its analysis of whether Ms. Vega successfully eliminated idiopathic causes for the fall or whether Grafton rebutted the resulting inference that the fall was "traceable to some ordinary risk, albeit unidentified, to which [Ms. Vega] was exposed on the employment premises." *Id.* The trial court did not err by granting summary judgment to Ms. Vega, and Grafton's first assignment of error is overruled.

### GRAFTON'S ASSIGNMENT OF ERROR II

VEGA'S INJURIES DID NOT "ARISE OUT OF" HER EMPLOYMENT WITH GRAFTON CORRECTIONAL FACILITY/GRAFTON CORRECTIONAL INSTITUTION.

{¶16} Grafton's second assignment of error reiterates the arguments that it made in its first appeal, premised on the conclusion that Ms. Vega's injuries did not result from an unexplained fall. Because this Court has concluded that the trial court did not err in reaching the conclusion

that her injuries resulted from an unexplained fall, however, Grafton's second assignment of error is moot. *See* App.R. 12(A)(1)(c).

### THE BWC'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF AS GENUINE ISSUES OF MATERIAL FACT REMAIN REGARDING WHETHER PLAINTIFF'S INJURY AROSE FROM HER EMPLOYMENT

### THE BWC'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF BECAUSE THE TRIAL COURT MADE ALL INFERENCES IN FAVOR OF THE MOVING PARTY

{¶17} The BWC's two assignments of error argue that the trial court erred by granting summary judgment to Ms. Vega by misapplying the summary judgment standard in Civil Rule 56(C) and because there are genuine issues of material fact. Although the BWC filed a brief following this Court's remand, the BWC did not respond to Ms. Vega's motion for summary judgment in the first instance. Having failed to do so, the BWC cannot argue error with the trial court's decision in this appeal. *See Sovereign Bank, N.A. v. Singh*, 2015-Ohio-3865, ¶ 11 (9th Dist.). In an initial appeal from the order granting summary judgment, this Court would still address the BWC's assignments of error by determining whether the trial court's decision to grant summary judgment was appropriate. *See id.* In this case, however, the BWC did not just forgo participation in the summary judgment proceedings. The BWC also chose not to participate in the appeal from the trial court's order that granted summary judgment in the first instance, and which framed the issues before this Court. Having done so, the BWC has forfeited error in connection with summary judgment. The BWC's first and second assignments of error are overruled on that basis.

III.

**{¶18}** Grafton's and the BWC's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

DAVE YOST, Attorney General, and CHRISTOPHER A. GRAY, Associate Assistant Attorney General, for Appellant.

THOMAS M. SAXER, Attorney at Law, for Appellant.

CHRISTOPHER G. WINCEK, Attorney at Law, for Appellee.